DANIEL W. SCHOONMAKER vs. THE ALBERTSON & DOUGLASS MACHINE COMPANY.

A and B were joint defendants in several suits brought to the same court, in a number of which the present defendants were plaintiffs. B promised A that he would attend to all the cases, and had an appearance for the defendants entered in all, except one case brought by the present defendants. This case was in court ten terms and for two terms stood assigned for trial. Bonds for prosecution were moved for by the defendants and ordered by the court, and were given by the plaintiffs. B informed A from time to time that everything was being done to protect their interests. On the last day of the tenth term the plaintiffs struck out the name of B as a defendant and took judgment against A by default. At the next term A filed a motion to have the case opened, averring that he had a good defense. The court refused to open the case. Held to be error.

The court below found that A was guilty of gross negligence. Held to be necessary that the facts should be found which show the negligence, and that the higher court could review the question whether the facts found constitute negligence.

Negligence is a neglect of some duty, and the question whether such a duty exists is a question of law.

A defendant may forfeit his right to a hearing by negligence, but ordinarily will not by inadvertence or misfortune.

So long as there is an appearance in fact, it is not a matter of legal consequence that there should be an appearance on the docket.

The refusal to open a judgment upon motion is not necessarily a matter of

discretion that can not be reviewed on error. It may be thus reviewed where the question is one purely of law, especially if it affects the whole matter in controversy.

Where a party without fault on his part has been deprived of an opportunity to appear and defend in a suit brought against him he has been deprived of a legal right, and the court can not properly refuse to grant him relief.

[Argued January 9th—decided February 15th, 1884.]

APPLICATION to open a judgment rendered by default in the Superior Court; heard before *Hovey, J.* The following facts were found by the court.

The judgment which the petitioner asked the court to set aside, was rendered in an action of general indebitatus assumpsit for work done and money paid, laid out and expended by the respondents, who were plaintiffs in the action, in making repairs on a steam dredge of which the petitioner was the owner. The petitioner and one Sidney F. Shelbourne were, originally, the defendants in the action, and the damages demanded were twenty thousand dollars. The writ described the defendants as being commorant in New London, in New London County, and was served by a deputy sheriff of the county, by leaving a true and attested copy thereof with the petitioner at New London, on the 21st day of August, 1878, and by leaving a like copy with Andrew C. Lippitt, Esq., of New London, who was described in the officer's return as the authorized agent of the said Shelbourne to receive the same, but was not in fact such agent, and was not authorized to accept or receive such copy in service. Mr. Lippitt sent the copy by mail to Shelbourne, and the latter received it in the city of New York. Schoonmaker delivered the copy served upon him to Shelbourne, who was his brother, and entrusted him with the management of the case on his, Schoonmaker's, part. The writ was returnable to this court at its September term, 1878, and was duly returned to and entered in the docket of that term.

The attorney of the plaintiffs in the action, Augustus

Brandegee, Esq., entered his appearance for them upon the docket of the court on the first day of the term to which the action was brought; but no appearance was entered for the defendants or either of them, personally or by attorney, within the first two days, or on any subsequent day of that term, although they had knowledge of the rules respecting the entry of appearances of parties upon the docket of the court. The action was continued to the next term, held on the first Tuesday of November, 1878, and thence from term to term, without the entry of an appearance by either of the defendants, personally or by attorney, until the November term, 1880, when, those parties still failing to appear, the plaintiffs, by leave of the court, amended the writ by striking out the name of Shelbourne as a defendant, as he had not been legally served with process, and had not appeared, and then caused judgment by default to be entered up against the defendant Schoonmaker (the present petitioner) for the sum of $2,316.88 damages, and $33.49 costs of suit, and took out execution for the same on March 1st, 1881.

The court also finds that at the September term, 1878, the term to which the action was brought, there were pending against Shelbourne and Schoonmaker five other actions, of which three were in favor of said Albertson & Douglass Machine Company, and two in favor of George S. Townsend. In all of those actions the plaintiffs were represented by Mr. Brandegee, whose appearance was duly entered upon the docket. The defendants also were represented in the Albertson & Douglass Machine Company cases, and in one of the Townsend cases, by Andrew C. Lippitt and Thomas M. Waller, Esquires, and in the other Townsend cases by Messrs. S. S. & S. H. Thresher, whose several appearances were also entered upon the docket. The only case in which no appearance was entered and no attorney employed by the defendants or either of them, was the one in which the judgment sought to be set aside was rendered. Two of the cases in favor of the Albertson & Douglass Machine Company

were, at the September term, 1878, removed to the Circuit Court of the United States for the district of Connecticut, but the other two cases in favor of the same plaintiffs, and the two cases in which the said Townsend was plaintiff, remained in this court.

The court also finds that it is not true, as stated in the petitioner's application, that "the reason why the petitioner failed to appear in the case in which he was defaulted was because the said Shelbourne and he being sued jointly, he supposed it was not necessary for him to give his personal attention to said case." He knew that he must enter an appearance, personally or by attorney, in the case, and if he failed to do so he was liable to have judgment entered up against him by default. The action last brought by said Townsend was an action against the petitioner and Shelbourne jointly, and was brought to the September term, 1878, the same term to which the action was brought wherein the judgment sought to be set aside was rendered; and in the former action the petitioner, personally, retained the said S. S. & S. H. Thresher as his attorneys, before the commencement of the term. Shelbourne did tell the petitioner that he would attend to the latter's interests in the case in which said judgment was rendered as well as to his own, and informed him from time to time that all was being done that was necessary to be done in the case to protect the rights and interests of both defendants, but the petitioner did not inquire of Shelbourne whether he had caused an appearance to be entered in the case, or what was being done in the case. to protect the rights or the interests of either defendants, and Shelbourne did not inform him.

The court further finds that, notwithstanding the defendants' failure to enter an appearance in the cause at every term during which it was pending—being in all ten terms—Shelbourne requested Mr. Lippitt, at the March term, 1879, to move the court for an order that bonds for prosecution be given in all the causes then pending in which he, Shelbourne, was a defendant, though he gave him no authority to enter an appearance in the case in which the judgment was ren-

dered. Mr. Lippitt made the motion as requested, and the court allowed it and ordered bonds to be given accordingly; and the order was complied with.

The court further finds that the action in which the judgment was rendered was placed by the clerk in the list of cases noted for trial at the September and November terms, 1879, and at the March and November terms, 1880, but at whose request or by whose procurement it was so placed it was not shown.

The court also finds that the failure of the defendants to enter an appearance in the action was intentional on the part of Shelbourne, and was the result of gross negligence on the part of the petitioner.

No plea to the action, or plea of any other kind, was filed by the petitioner or by Shelbourne in the case. And no motion for a hearing in damages was made after the default was entered.

The court upon these facts dismissed the application. The plaintiff appealed.

*S. S. Thresher*, for the appellant.

*A. Brandegee*, for the appellees.

CARPENTER, J. This is an application in the Superior Court to open a default and allow the petitioner to defend a suit originally brought against himself and one Shelbourne. The service on Shelbourne was irregular and defective. The suit was in court ten terms. Neither defendant entered an appearance on the docket. Other suits were pending between the same parties, and other suits were pending against the defendants prosecuted by other plaintiffs. In all those suits the defendants appeared by attorney and the appearance was entered on the docket. While the suits were pending motions were made for bonds for prosecution in all the suits between these parties, including the one in controversy, and bonds were ordered and given. At two terms this case was put in the trial list, but by which party does

not appear. Schoonmaker handed the copy which was left with him in service to Shelbourne, who appears to have been his brother, and who was entrusted with the management of the case for him. Shelbourne told Schoonmaker that he would attend to the latter's interest in the case as well as to his own, and informed him from time to time that all was being done in the case that was necessary to be done to protect the interests of both defendants. At the November term, 1880, the case was in the trial list, and on the last day of the term the plaintiff amended the writ by striking out the name of Shelbourne and then took judgment against Schoonmaker by default. At the next term of the court this application was made. The court made a special finding of the facts and refused to reinstate the case. The petitioner alleges under oath that he has a good and valid defense to the action against him, and that he does not and did not owe said debt or any part thereof. This allegation is sufficient in form and is *primâ facie* true; and as it was not within the province of the court to try the case on its merits in this proceeding, we must assume for the purposes of this proceeding that there is a defense to the action.

Did the court properly refuse to open the default? The law condemns no man unheard. It takes from him no property and deprives him of no right without giving him a day in court. He may waive his opportunity to appear and defend, or forfeit his right to a hearing by negligence, but not ordinarily by inadvertence or misfortune.

That the petitioner did not intend to waive his right to be heard is obvious. His arrangement with his brother and the history of the case in court show this unmistakably. Has he forfeited his right by any neglect? The court finds in terms that the failure of the defendants to enter an appearance in the action " was the result of gross negligence on the part of the petitioner." If this was purely a matter of fact this finding would be conclusive. But negligence is a failure to perform some duty, or the performance of a duty in an improper manner. In any given state of facts the law determines the duty. Whether the duty has been performed or

not, or whether properly or improperly performed, is a question of fact.

It has been repeatedly held that an allegation of duty, without stating the facts from which the duty arises, is not sufficient; for the same reason an allegation of negligence, without stating the duty omitted or improperly performed, is not sufficient. It follows logically and necessarily that a mere finding of negligence by the court is of no avail unless the facts appear on which such finding is based. The question then recurs, what duty did the defendant owe? and how was it performed? In other words, in what did the negligence consist? His only duty was to appear at a proper time, and in a manner to inform the plaintiff of his appearance, to defend the suit. The duty to appear was a duty which he owed to himself. The duty as to the time and manner of the appearance is all that concerns the plaintiff. It is in regard to that, and that alone, that the plaintiff can complain. The defendant is bound to appear at the proper time in order that the plaintiff may not be detained in court unreasonably. He is bound so to appear that the plaintiff may know of it and be prepared to prosecute his claim. The manner of the appearance is of no special importance, provided the plaintiff knows that there is an appearance, and is not misled, deceived, or otherwise prejudiced.

The time of such an appearance as there was is not complained of. It was in due time. That the plaintiffs knew of it is obvious and cannot be denied. Of what then do they complain? Simply this—that the appearance was not entered on the docket. They mistake the form for the substance. An entry of an appearance on the docket is not necessarily an appearance. It is evidence of one, and it gives the adverse party notice of an appearance and by whom made. It is a rule of convenience, and as such should be observed. But obviously a mere entry is not enough; the party himself, or his attorney, must actually be in court at all proper times to attend to the case; otherwise he may be defaulted notwithstanding the entry. On the other hand there may be an actual appearance for all the purposes of a defense

without an entry on the docket. When there is such an appearance known to and recognized by the plaintiff, the case cannot with propriety be defaulted merely because by mistake or other cause there fails to be an entry of an appearance on the docket. That seems to have been the condition of this case. The plaintiff's counsel acted upon the assumption that there was an appearance. The case was kept in court ten terms; whereas, if there had been no appearance, they were entitled to a judgment as early at least as the second term. Bonds for prosecution were called for by counsel representing the defendants in the other cases between the same parties, and were ordered by the court, and the counsel for the plaintiffs, taking it for granted that this case was included with the others, actually caused bonds to be given in this case. It may fairly be inferred that bonds were called for, ordered, and given in this case. In addition to that, for two terms the case was placed in the trial list.. If by the defendants, that of itself shows an appearance; if by the plaintiffs, it shows that they supposed there was one. Now, it is impossible to explain all these circumstances except upon the theory that there was an appearance, and that the plaintiffs knew it and recognized it.

The case shows that "the only case in which no appearance was entered, and no attorney employed by the defendants or either of them, was the one in which the judgment sought to be set aside was rendered." This standing by itself would imply that the defendants employed no attorney. But that implication is so inconsistent with the facts in the case that we ought to treat it as a finding that no attorney was employed especially or specifically for this case, and not as negating a general employment of attorneys for all the cases.

It is further found that the failure of the defendants to enter an appearance was intentional on the part of Shelbourne. What his motive was is a matter of conjecture; but as the judgment is not against him, it is not important. So far as Schoonmaker is concerned, that part of the finding may be laid out of the case. Then it is found that "the

Schoonmaker *v.* Albertson & Douglass Machine Co.

petitioner did not inquire of Shelbourne whether he had caused an appearance to be entered in the case, or what was being done in the case to protect the rights or the interests of either defendant, and Shelbourne did not inform him."

We think it is apparent that the court below attached undue importance to matters which were non-essential. It was of no importance to the plaintiffs "whether he had caused an appearance to be entered in said case," so long as there was an appearance in fact and they knew it; nor had they any reason to complain of any want of attention to the case by Schoonmaker. By failing to inquire whether an appearance had been entered, and what was being done in the defense, he neglected no duty to the prejudice of the plaintiffs. By leaving the matter in the hands of his brother and co-defendant, who was equally interested in it, he did all that men ordinarily do under similar circumstances; and that is synonymous with due diligence.

The highest degree of care in providing for an appearance in an action and preparing for a defense is not required so long as the court and the plaintiffs are not delayed. As neither was delayed in this case, we think the facts do not warrant the conclusion that Schoonmaker was guilty of gross negligence, or any such degree of negligence as will justify the court in holding that he forfeited his right to have his day in court.

But it is said that this proceeding is analogous to a petition for a new trial, and that the granting or refusing a new trial in such cases is a matter of discretion and not a subject of error. It is doubtless true that in such cases, whenever the question of a new trial turns upon a matter of fact, like the weight to be given to newly discovered evidence, or whether such evidence would be likely to produce a different result, or whether notwithstanding such evidence manifest justice was done, and whether the party before trial used due diligence to discover such evidence—in these and in other similar cases this court has ordinarily refused to interfere. But it may be, and generally is otherwise when the question involved is purely a question of law, especially if it is a ques-

tion which affects or may affect the whole matter in controversy. When a party without fault on his part has been deprived of an opportunity to appear and defend a suit brought against him, he has been deprived of a legal right, and this court cannot properly refuse to grant him relief.

We think the judgment of the court in refusing to reinstate the case was erroneous.

In this opinion the other judges concurred.