JOSEPH OSTROSKI v. MONICA T. OSTROSKI

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 82763

Memorandum filed February 9, 1949.

*James T. Mather,* of Bristol, *H. Roger Jones,* of Winsted, *Irving Wm. Pasternak, Harry M. Albert,* and *Michael V. Blansfield,* of Waterbury, for the Plaintiff.

*Halloran, Sage & Phelan,* of Hartford, for the Defendant.

ALCORN, J.  This action was brought for a divorce on the ground of desertion, returnable the first Tuesday of September, 1948.  The sheriff's return shows personal service on the defendant on August 16, 1948.  Upon the facts disclosed during argument of this motion, it appears that the defendant consulted counsel promptly, intending to make a defense, but by accident or inadvertence an appearance was not entered.  In due course the case was claimed for hearing as an uncontested case and was heard and judgment entered on December 22, 1948.  Promptly on hearing of the judgment, counsel for the defendant entered an appearance and filed this motion.  They assure the court that after examination of the facts they believe the defendant to have a good defense and, further, that the defendant firmly intends to prosecute the defense to a conclusion. In fact, a previous divorce action brought by this plaintiff upon another ground was successfully defended by the defendant.

"The law condemns no man unheard.  It takes from him no property and deprives him of no right without giving him a day in court.  He may waive his opportunity to appear and defend, or forfeit his right to a hearing by negligence, but not ordinarily by inadvertence or misfortune." *Schoonmaker* v. *Albertson & Douglass Machine Co.,* 51 Conn. 387, 392.  For cause shown this judgment ought to be opened and set aside in order that the defendant may be heard with respect to her defense.  General Statutes, Rev. 1949, § 7963.

No information is disclosed to the court as to any cost sustained by the plaintiff in obtaining the judgment, but the court

will notice the fact that he has been obligated for a judgment fee. Practice Book, § 227 (4). It is reasonable that the plaintiff receive reimbursement for this item.

The motion is granted and an order may enter opening and setting aside the judgment. The defendant is ordered to reimburse the plaintiff for the amount of the judgment fee.