FRANK A. PAVONE *v.* WAYNE R. WEST
(AC 23639)

Lavery, C. J., and Schaller and DiPentima, Js.

Argued December 8, 2003—officially released May 4, 2004

*Andrew B. Goodwin*, with whom, on the brief, was *Larry R. Levine*, for the appellant (defendant).

*Pamela S. Bacharach*, with whom, on the brief, was *Kelly S. Therrien*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. The defendant, Wayne R. West, appeals from the judgment of the trial court denying his motion to open the judgment that was rendered against him after he was defaulted for failure to appear. The defendant claims that the court's denial of his

motion to open reflects an abuse of discretion in that (1) the court interpreted the Rules of Professional Conduct to allow dilatory tactics and guile to work surprise or injustice, and (2) the only notice he received of the default judgment was when his insurance company was notified approximately seven months after the court rendered judgment.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On November 16, 1998, the parties were involved in a motor vehicle accident in which the vehicle driven by the defendant struck the vehicle driven by the plaintiff, Frank A. Pavone. Thereafter, the plaintiff filed a writ of summons and complaint alleging negligence on the part of the defendant and seeking damages. Service was made on the defendant by service of process on the office of the commissioner of motor vehicles. On March 12, 2001, the court granted the defendant's motion to dismiss for failure to return the writ of summons and complaint within the statutory time frame.

Pursuant to General Statutes § 52-592, the accidental failure of suit statute, the plaintiff filed a second writ of summons and complaint on April 2, 2001. The second complaint alleged the same cause of action as did the initial action. Service was again made by state marshal, pursuant to General Statutes § 52-63 (c), by leaving a true and attested copy of the original writ of summons and complaint at the office of the commissioner of motor vehicles.[1] The state marshal was unable to locate the defendant. A letter sent to the defendant by the marshal was returned, marked, "moved left no address." On May 9, 2001, the plaintiff filed a motion for default for failure to appear. Although the plaintiff's counsel was aware of the existence of counsel who

---

[1] There is no claim that service on the commissioner of the department of motor vehicles was improper.

represented the defendant in the previous matter, she did not notify opposing counsel of the second action. The defendant failed to appear, and the court granted the plaintiff's motion for default for failure to appear on July 17, 2001. On November 9, 2001, the court rendered judgment against the defendant in the amount of $20,000.

On June 3, 2002, nearly seven months after judgment was rendered, the plaintiff's counsel sent a letter to the defendant's insurance company, requesting payment[2] in accordance with the judgment. Counsel for the defendant filed a motion to open the judgment on September 5, 2002, claiming lack of notice of the second action. At the hearing on that motion, the defendant's counsel argued that the failure of the plaintiff's counsel to notify him of the initiation of the second action and then her seven months' delay in notifying the defendant's insurer of the judgment warranted an opening of the judgment. The defendant did not appear at the hearing, and there was no affidavit or verified testimony from him before the court. The court denied the defendant's motion to open the judgment on October 21, 2002. This appeal followed.

Our standard of review is well settled. "[I]n granting or denying a motion to open a judgment, the trial court is required to exercise a sound judicial discretion and its decision will be set aside only for an abuse of such discretion. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to

---

[2] That request was made well after the four month period within which to open the judgment in accordance with General Statutes § 52-212 (a). See footnote 3.

open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." (Citation omitted; internal quotation marks omitted.) *Carr* v. *Fleet Bank*, 73 Conn. App. 593, 594, 812 A.2d 14 (2002).

The design of our rules of practice is for the Superior Court to facilitate business and to advance justice. Practice Book § 1-8. The rules are to be interpreted liberally when a strict adherence to them would work surprise or injustice. Practice Book § 1-8; see also *Carter* v. *D'Urso*, 5 Conn. App. 230, 234, 497 A.2d 1012, cert. denied, 197 Conn. 814, 499 A.2d 63 (1985).

I

The court first addresses the claim that the plaintiff did not give the defendant notice of the judgment until seven months after it was rendered by the court, so as to extend the time in which the defendant could challenge the default judgment by filing a motion to open.

The opening of judgments on default is governed by the provisions of General Statutes § 52-212[3] and Practice Book § 17-43,[4] which provide for a four month

---

[3] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

[4] Practice Book § 17-43 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such

period to file a motion to open a default judgment. The court has applied the law to provide for occasions when notice of the judgment is deficient. "Where the defendants have not *received* notice of the default judgment . . . the time within which they may move to set aside the judgment is extended by the delay in notification." (Emphasis in original; internal quotation marks omitted.) *Tyler E. Lyman, Inc.* v. *Lodrini*, 63 Conn. App. 739, 746, 780 A.2d 932, cert. denied, 258 Conn. 902, 782 A.2d 137 (2001). "[I]t is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open. We have indicated that for the purpose of opening a default judgment pursuant to General Statutes § 52-212, a delay in notifying the defendant of the judgment would merely extend the time in which the defendant could move to set aside the judgment." (Internal quotation marks omitted.) *Handy* v. *Minwax Co.*, 46 Conn. App. 54, 57, 698 A.2d 339, cert. denied, 243 Conn. 921, 701 A.2d 342 (1997).

We note that although the defendant's attorney raised the issue of inadequate notice in his motion and at the hearing to open the judgment, the defendant himself was not present. Not only was he not in attendance, but his whereabouts were unknown to his attorney. Therefore, the issue of notice of the judgment to the defendant himself could not be decided. Further, even if the defendant's motion to open were timely, he also must satisfy that provision of General Statutes § 52-212 (a), which requires that "the plaintiff or defendant [be] prevented by *mistake, accident or other reasonable cause* from prosecuting the action or making the defense." (Emphasis added.) General Statutes § 52-212

judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ."

(a). Because the defendant was not present, he could not meet that burden. The defendant's disappearance without giving notice to his attorneys or leaving a forwarding address precluded him from making his defense.

The defendant asserts that he was prevented from making a valid defense. At least in part because of his conduct, however, he was absent from the hearing and therefore was unable to prove inadequate notice. Consequently, the court's denial of the defendant's motion to open the judgment was not an abuse of discretion on that ground.

## II

The defendant's primary claim addresses the professional obligations and conduct of attorneys. He claims that both surprise and injustice resulted from the failure of the plaintiff's counsel to give timely notice of the action and the default judgment.

The defendant relies on *Dante* v. *Dante*, 93 Conn. 160, 162–63, 105 A. 353 (1919), and *Schoonmaker* v. *Albertson & Douglass Machine Co.*, 51 Conn. 387, 395–96 (1884), for the general proposition that when a party without fault and without opportunity to defend, has a judgment rendered against him, this court has jurisdiction to grant relief. The defendant's reliance on those cases is misplaced. In both cases, the complaining parties acted reasonably and did not fail to apprise the involved parties of their whereabouts. In *Dante*, the plaintiff claimed that she did not receive notice of the pendency of the original action that was brought by her husband and, therefore, had no opportunity to appear and defend herself. *Dante* v. *Dante*, supra, 161–62. The court granted her a new trial where it was shown that she did not have actual notice of the judgment against her and the statutory time for granting new trials had not yet elapsed. Id., 164. In the present

case, because of the defendant's absence, the court could not make a finding on the issue of inadequate notice.

In *Schoonmaker*, our Supreme Court found that the trial court improperly had failed to reinstate a case where the defendant was not "guilty of gross negligence, or any such degree of negligence as will justify the court in holding that he forfeited his right to have his day in court." *Schoonmaker* v. *Albertson & Douglass Machine Co.*, supra, 51 Conn. 395. Here, our review of the record makes clear that the defendant cannot claim that he is without fault. The court found that the defendant had moved away and failed to leave a forwarding address with either his attorney or the United States Postal Service. In fact, the defendant was not present at the hearing, and his counsel indicated that he was unable to locate him. The court noted that although sending a courtesy copy of the complaint to the defendant's original counsel would have been "a nice thing to do," there was no legal obligation to do so. Moreover, the court opined: "It just seems to me as if he just stole away, hoping the case would go away." Thus, the defendant's conduct defeats his claim. Cf. *Woodruff* v. *Riley*, 78 Conn. App. 466, 471–72, 827 A.2d 743 (denial of motion to open default judgment not abuse of discretion where failure to assert defense was result of negligence), cert. denied, 266 Conn. 922, 835 A.2d 474 (2003).

This court does question the conduct of the plaintiff's counsel in prosecuting this case.[5] One month after the first action was dismissed on the motion of the defendant's counsel, counsel for the plaintiff brought this second action under § 52-592. Despite knowing the identities of the defendant's counsel and his insurer from the first action, counsel for the plaintiff notified neither

---

[5] There is no Connecticut statute, rule or case law imposing an obligation on the plaintiff's counsel to inform defense counsel of the second action.

of the initiation of the second action until seven months after judgment. That lack of civility and forthrightness is most troubling.

The Rules of Professional Conduct "do not . . . exhaust the moral and ethical considerations that should inform a lawyer, for no worthwhile human activity can be completely defined by legal rules. The rules simply provide a framework for the ethical practice of law. . . ." Rules of Professional Conduct, Scope. The Rules of Professional Conduct bind attorneys to uphold the law and to act in accordance with high standards in both their personal and professional lives. See Rules of Professional Conduct, preamble. The rules demand that a lawyer "make reasonable efforts to expedite litigation consistent with the interests of the client." Rules of Professional Conduct 3.2. The commentary further explains the rule, stating that "[d]ilatory practices bring the administration of justice into disrepute. Delay should not be indulged merely for the convenience of the advocates, or for the purpose of frustrating an opposing party's attempt to obtain rightful redress or repose. It is not a justification that similar conduct is often tolerated by the bench and bar. The question is whether a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay. Realizing financial or other benefit from otherwise improper delay in litigation is not a legitimate interest in the client."[6] Id., commentary.

---

[6] Restatement (Third), The Law Governing Lawyers § 106 (2000), provides: "In representing a client in a matter before a tribunal, a lawyer may not use means that have no substantial purpose other than to embarrass, delay, or burden a third person or use methods of obtaining evidence that are prohibited by law." Comment (d) to that section is instructive as to the application of § 106. Comment (d), regarding opposing counsel and other participants, provides in relevant part: "The professional ideal for the relationship between opposing advocates is that they bear toward each other a respectful and cooperative attitude marked by civility, consistent with their primary responsibilities to their clients. Similar respect and cooperativeness should characterize a lawyer's interactions with all participants in a proceeding. . . ." Id., § 106, comment (d).

In this case, it appears that the attorney's actions were in violation of rule 3.2. At the least, the delaying tactics in notifying the defendant through his insurer only after the four month period for opening judgments had expired violated the spirit of the rules and the spirit of Practice Book § 17-22.[7] Such actions diminish the vitality of our bar and erode the confidence of the public by allowing justice and civility to take a backseat to gamesmanship and guile.

The delay in providing actual notice effectively prevented the defendant from prevailing on the motion to open the judgment before the merits of such a motion would be addressed. Such behavior lacks any substantial purpose other than to cause hardship to the defendant and presumably to preclude a trial on the merits.[8] In light of the defendant's own careless conduct, however, we cannot find an abuse of discretion in the court's denial of the motion to open the judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] Practice Book § 17-22 provides: "A notice of every nonsuit for failure to enter an appearance or judgment after default for failure to enter an appearance, which notice includes the terms of the judgment, shall be mailed within ten days of the entry of judgment by counsel of the prevailing party to the party against whom it is directed and a copy of such notice shall be sent to the clerk's office. Proof of service shall be in accordance with Section 10-14."

[8] Counsel for the plaintiff argued that her obligation as a zealous advocate justified that tactic.