DIEGO JIMENEZ ET AL. *v.* DAVID DEROSA
(AC 28034)

Flynn, C. J., and Robinson and Peters, Js.

Argued April 21—officially released July 22, 2008

*David C. Pite*, with whom, on the brief, was *Alan E. Silver*, for the appellants (plaintiffs).

*Alfred J. Onorato*, for the appellee (defendant).

*Opinion*

PETERS, J. A default judgment must be set aside if the defaulted defendant establishes that the court did not have personal jurisdiction to render the judgment against him. *Commissioner of Environmental Protection* v. *Connecticut Building Wrecking Co.*, 227 Conn. 175, 195–96, 629 A.2d 1116 (1993). In this case, the defendant challenged the validity of a default judgment on the ground that he had been served by abode service at an address where he was no longer residing. Finding that the service had been improper, the trial court

granted the defendant's motions to set the default judgment aside and to dismiss the action. In their appeal, the plaintiffs argue that the service was adequate and that the defendant's motions challenging the validity of the judgment and the cause of action were untimely. We disagree and affirm the judgment of the trial court.

The record discloses the following relevant facts and procedural history. In January, 2003, the plaintiffs, Diego Jimenez and Luz Jimenez, commenced a negligence action by serving the defendant, David DeRosa, by abode service.[1] Their action was based on an allegation that the defendant had injured Diego Jiminez in an automobile accident. A state marshal served the defendant by leaving process at an address in Northford that had been the defendant's home and that continued to be listed in the records of several government agencies as his residence. The defendant was defaulted for failure to appear, and, on July 17, 2003, the court, *Hon. William L. Hadden, Jr.*, judge trial referee, after a hearing in damages, rendered a judgment against the defendant in the amount of $19,182. After issuance of notice of the judgment, the plaintiffs filed a return of notice, certifying that a copy of the judgment had been mailed to the defendant at the Northford address.

More than two years later, the defendant moved to set the default judgment aside and to dismiss the action

[1] General Statutes § 52-57 provides in relevant part: "(a) Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state. . . ."

Practice Book § 10-13 provides in relevant part: "Service upon the attorney or upon a pro se party . . . may be by delivering a copy or by mailing it to the last known address of the attorney or party. Delivery of a copy within this section means handing it to the attorney or to the party; or leaving it at the attorney's office with a person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at the usual place of abode. . . ."

on the ground of ineffective service of process.[2] In these proceedings, he alleged that the abode service had been ineffective because he had vacated the Northford property in September, 2001, sixteen months prior to the service.

In the interval between the final hearing on the defendant's motions and the trial court's decision on the motions, the plaintiffs assigned their default judgment and lien to a third party, Lienfactors, LLC. On August 23, 2006, without having been notified of the assignment, the court, *Hon. David W. Skolnick*, judge trial referee, found the facts to be as alleged by the defendant and granted his motions to set the default judgment aside and to dismiss.

The plaintiffs have appealed. They claim that, contrary to the trial court's conclusion, (1) the defendant was served properly and (2) the defendant's motions to set aside and to dismiss were untimely. The defendant disputes the validity of the plaintiffs' claims. In addition, he asserts that, due to the plaintiffs' assignment of the default judgment to Lienfactors, LLC, they lack standing to pursue their appeal. We affirm the judgment of the trial court setting aside the default judgment and dismissing the action.

I

THE PLAINTIFFS' STANDING TO APPEAL

In light of the plaintiffs' assignment to Lienfactors, LLC, the defendant filed a motion in this court to dismiss the plaintiffs' appeal on the ground that they no longer had standing to pursue it. He has renewed this jurisdictional claim in his brief on appeal.

It is well established that this court has subject matter jurisdiction to hear an appeal only if the appellant has

---

[2] The defendant testified that he filed the motions after discovering that the Northford property was encumbered by a lien based on the default judgment.

presented a justiciable issue that the appellant has standing to pursue. *In re Investigation of the Grand Juror*, 188 Conn. 601, 603, 452 A.2d 935 (1982). To demonstrate the requisite standing, however, it is sufficient for the appellant to demonstrate that there is a reasonable possibility, as distinguished from a certainty, that the contested ruling has had an adverse impact on a legally protected interest. *Eder Bros., Inc.* v. *Wine Merchants of Connecticut, Inc.*, 275 Conn. 363, 370, 880 A.2d 138 (2005).

To enable us to assess the jurisdictional significance of the plaintiffs' assignment of their judgment to Lienfactors, LLC, we remanded this case to the trial court for further factual findings. See Practice Book § 60-2 (9). After a hearing, the trial court determined that the plaintiffs' assignment to Lienfactors, LLC, would "fail" if this court were to affirm the trial court's judgment in favor of the defendant. It based this determination on a clause in the assignment that states: "Assignor represents that they have a validly binding judgment and judgment lien . . . ."

We must decide whether the plaintiffs' assignment deprives us of subject matter jurisdiction to hear their appeal. We are persuaded that it did not. Like the trial court, we find it significant that the assignment included a representation by the plaintiffs that the assigned judgment was valid and enforceable. This representation was the functional equivalent of a warranty imposing contingent liability on the plaintiffs to reimburse the assignee if we uphold the trial court's decision on the defendant's motions. See *Cooper* v. *Sagert*, 111 Or. 27, 33, 223 P. 943 (1924) (if assigned judgment is set aside, assignee may recover for failure of consideration); cf. *Hull* v. *Mathewson*, 192 Wash. 651, 662–63, 74 P.2d 209 (1937) (no warranty of collectibility). On this record, because there is a reasonable possibility that, unless we reverse, the judgment of the trial court will have an

adverse impact on a legally protected interest of the plaintiffs, the plaintiffs have standing, and we have jurisdiction to hear their appeal.

## II

We turn now to the merits of the plaintiffs' claims on appeal. The plaintiffs challenge the validity of the trial court's decision to set aside the default judgment and to dismiss the case for two principal reasons. The plaintiffs maintain that the trial court improperly determined that (1) the default judgment had been rendered without personal jurisdiction over the defendant and (2) the defendant's motions were not untimely. We disagree with the plaintiffs.

## A

### Abode Service

The Superior Court has no authority to render a judgment against a person who was not properly served with process. *Commissioner of Environmental Protection* v. *Connecticut Building Wrecking Co.*, supra, 227 Conn. 195–96. Without challenging this fundamental principle of law, the plaintiffs argue that the trial court misapplied it under the circumstances of this case because (1) abode service was proper in light of the defendant's failure to inform government agencies that he was no longer a resident at the Northford address and (2) the defendant had actual timely notice of the negligence action, both at its inception and after the rendering of the default judgment. We are not persuaded.

As a preliminary matter, we set forth the standard of review governing the plaintiff's claims. "A challenge to the jurisdiction of the court presents a question of law. . . . Our review of the court's legal conclusion is, therefore, plenary. . . . Our review of the trial court's factual findings is governed by the clearly erroneous

standard of review." (Citation omitted; internal quotation marks omitted.) *Angiolillo* v. *Buckmiller*, 102 Conn. App. 697, 713, 927 A.2d 312, cert. denied, 284 Conn. 927, 934 A.2d 243 (2007).

The legal principles that guide our resolution of the plaintiffs' claims are equally well established. "[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." (Internal quotation marks omitted.) *Kim* v. *Magnotta*, 249 Conn. 94, 101–102, 733 A.2d 809 (1999). "[W]hen a particular method of serving process is set forth by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." (Citations omitted; internal quotation marks omitted.) *Commissioner of Transportation* v. *Kahn*, 262 Conn. 257, 272, 811 A.2d 693 (2003). "A proper officer serving process must comply with the provisions of [General Statutes] § 52-57 (a), which require that process be served by leaving it with the defendant, or at his usual place of abode . . . . Abode service is not effective if it is left at an address that is not the usual address of the party to be served, and an action commenced by such improper service must be dismissed." (Citation omitted; internal quotation marks omitted.) *Hibner* v. *Bruening*, 78 Conn. App. 456, 463, 828 A.2d 150 (2003); see also Practice Book § 10-13.

For service pursuant to § 52-57 (a), the "usual place of abode" presumptively is the defendant's home at the time when service is made. *Grant* v. *Dalliber*, 11 Conn. 234, 237–38 (1836). Whether a particular locale is the usual place of abode is a question of fact. *Collins* v. *Scholz*, 34 Conn. Sup. 501, 502, 373 A.2d 200 (1976).

"When, however, the defendant is a resident of Connecticut who claims that no valid abode service has been made . . . that would give the court jurisdiction over [the defendant's] person, the defendant bears the burden of disproving personal jurisdiction. . . . When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction unless sufficient evidence is introduced to prove otherwise." (Internal quotation marks omitted.) *Tax Collector* v. *Stettinger*, 79 Conn. App. 823, 825, 832 A.2d 75 (2003).

The plaintiffs do not dispute the validity of the trial court's finding that, at the time of the abode service, the defendant no longer resided physically at the Northford address. They argue instead that the defendant cannot rely on his change of residence because he failed to update his address on government records in order to evade service and deliberately disregarded actual notice of the litigation against him. We disagree.

The plaintiffs' first contention cannot be sustained in light of *Hibner* v. *Bruening*, supra, 78 Conn. App. 456. In that case, we held that for purposes of effective abode service, an address on file with a government agency, in and of itself, could not establish a party's usual place of abode. Id., 465; see also *Piorkowski* v. *Federal Express Corp.*, Superior Court, judicial district of New Haven, Docket No. CV-97-0405352-S (February 6, 1998) ("[t]his court cannot now write a statute which provides that a plaintiff may serve another person at the address on file with the department of motor vehicles even though that address is not his usual place of abode"). These cases, which the plaintiffs have not endeavored to distinguish, establish that the trial court properly declined to bypass the statutory requirements for abode service.

The plaintiffs' notice claim is similarly unpersuasive. It is true, as we recently have held, that if a putative

party can be shown to have been evading service of process, "[n]otice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction . . . ." (Internal quotation marks omitted.) *Bove* v. *Bove*, 93 Conn. App. 76, 82, 888 A.2d 123, cert. denied, 277 Conn. 919, 895 A.2d 788 (2006). The difficulty with applying that precedent in this case arises out of the failure of the plaintiffs to establish the requisite predicate facts. Although they presented testimony that the defendant had been handed the summons and the complaint personally, the defendant testified to the contrary. The trial court did not resolve this evidentiary conflict. The plaintiffs did not file a motion for articulation requesting the trial court to do so. See Practice Book § 66-5. We cannot fill this evidentiary gap.

On this state of the record, the plaintiffs are left with their contention that the court improperly required them to assume the burden of proving evasion of process on the part of the defendant. This claim focuses on the following statement in the court's memorandum of decision: "Absent evidence that the defendant deliberately failed to provide these agencies with his present address in an attempt to evade service of process, the court finds that his conduct does not validate the service of process at his former address."[3] We disagree with this contention as well.

*Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 459 A.2d 503 (1993), sets forth the fundamental principle governing proof of disputed issues of personal jurisdiction. There, our Supreme Court stated: "Placing the

---

[3] In several cases, the Superior Court has articulated the principle that a defendant may be estopped from contesting personal jurisdiction if he or she has attempted to evade service. See, e.g., *Stevenson Lumber Co. Suffield, Inc.* v. *Salcedo*, Superior Court, judicial district of Hartford, Docket No. CV-00-0595374-S (July 18, 2000) (27 Conn. L. Rptr. 568); *Zingarelli* v. *Dinan*, Superior Court, judicial district of Fairfield, Docket No. CV-93-0309746-S (May 20, 1994) (9 C.S.C.R. 630). Whether a defendant has engaged in such evasive maneuvers is a question of fact.

burden on the plaintiff to prove *contested factual issues* pertaining to jurisdiction is in accord with rulings in other states which have addressed the same question. . . . When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." (Citations omitted; emphasis added.) Id., 53–54.

Nonetheless, as the trial court properly held, because an officer's return of abode service is prima facie evidence of the facts stated therein; *Buckingham* v. *Osborne,* 44 Conn. 133, 141 (1876); a defendant who contests the facts stated in the return bears the initial burden of *disproving* personal jurisdiction. *Tax Collector* v. *Stettinger,* supra, 79 Conn. App. 825. The plaintiffs do not challenge the validity of the court's finding that the defendant satisfied that burden in this case by presenting persuasive evidence that he was no longer residing at the Northford address at the time of the abode service.

The plaintiffs argue instead that the defendant also had the initial burden of establishing that he had not engaged in conduct demonstrating evasion of service of process. This argument fails for lack of supporting legal authority. We know of no case imposing such a burden on a defendant who has established a defect in personal service. The plaintiffs have cited none. In the absence of controlling authority to the contrary, we are persuaded that the governing principle articulated in *Standard Tallow Corp.* continues to be operative. *Standard Tallow Corp.* v. *Jowdy,* supra, 190 Conn. 53–54. *Standard Tallow Corp.* imposes on the plaintiffs the burden of establishing the court's jurisdiction over the defendant. Id. In this case, they failed to do so.

## B

### Timeliness of Motion to Set Aside Default Judgment

The plaintiffs alternatively claim that the court improperly granted the defendant's motion to set aside the default judgment because that motion was itself procedurally defective in that, for two independent reasons, it was untimely. First, they maintain that the defendant's motion was untimely because it was filed after expiration of the four month time limit set forth in General Statutes §§ 52-212 and 52-212a and Practice Book § 17-4.[4] Second, they maintain that the court abused its discretion in permitting the defendant to file his motions more than two years after he had received actual notice of the default judgment. We find neither of these claims persuasive.

We again begin by setting forth the applicable standard of review. Appellate review of a trial court's ruling

---

[4] General Statutes § 52-212 provides in relevant part: "(a) Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense. . . ."

General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . .

Practice Book § 17-4 provides in relevant part: "(a) Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court. . . ."

on a motion to set aside or to open a judgment is limited to a determination of whether the trial court acted unreasonably and in clear abuse of its discretion. *Wilkinson* v. *Boats Unlimited, Inc.*, 236 Conn. 78, 84, 670 A.2d 1296 (1996).

The plaintiffs' first claim of untimeliness is that the trial court should have denied the defendant's motion to set aside the default judgment because the motion was filed at a time in excess of the four month limitation contained in General Statutes §§ 52-212 and 52-212a and Practice Book § 17-4. That contention cannot be sustained in light of *Wilkinson* v. *Boats Unlimited, Inc.*, supra, 236 Conn. 78, which held that this statutory limitation is inapplicable to a collateral attack on a judgment that, as in this case, is based on the absence of personal jurisdiction to render the contested judgment. Id., 83–84; see also *Misinonile* v. *Misinonile*, 190 Conn. 132, 134–35, 459 A.2d 518 (1983); *Bove* v. *Bove*, 77 Conn. App. 355, 366–67, 823 A.2d 383 (2003).

The plaintiffs' second claim of untimeliness focuses on the two year delay between the defendant's receipt of actual notice of the default judgment and his present motions to challenge that judgment. They argue that this two year gap required the trial court to exercise its discretion to dismiss the defendant's motions. We disagree. Not only have they failed to demonstrate that the trial court ruled on this claim, but they mistakenly rely on a case; *Pavone* v. *West*, 82 Conn. App. 623, 846 A.2d 884 (2004); that did not involve a claim of lack of personal jurisdiction to render a valid judgment. Id., 625.[5] Their claim, therefore, is without merit.

[5] In *Pavone* v. *West*, supra, 82 Conn. App. 623, process had been served by a state marshal pursuant to General Statutes § 52-63, which provides in relevant part: "(c) Service of civil process may be made on the owner of a motor vehicle registered under the provisions of chapter 246 by leaving a true and attested copy of the writ, summons and complaint at the office of the Commissioner of Motor Vehicles at least twelve days before the return day and by sending such a true and attested copy at least twelve days before the return day, by registered or certified mail, postage prepaid and return

## C

### Timeliness of Motion to Dismiss

In their final challenge, the plaintiffs maintain that the defendant's motion to dismiss was untimely because it was not filed within thirty days of his initial motion to set aside the default judgment, which, contrary to the holding of the trial court, they characterize as the filing of a general appearance. The plaintiffs argue that the defendant failed to comply with the requirements of Practice Book § 10-30, which provides in relevant part: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance . . . ."[6]

The defendant filed his motion to dismiss on February 7, 2006. The trial court judged this motion timely because it was filed within thirty days of January 17, 2006, the date when the defendant entered his appearance by filing the standard judicial appearance form.[7]

receipt requested, to the defendant at his last address on file in the Department of Motor Vehicles if (1) it is impossible to make service of process at the owner's last address on file in the Department of Motor Vehicles, (2) the owner has loaned or permitted his motor vehicle to be driven by another, and (3) the motor vehicle has caused injury to the person or property of another."

[6] Practice Book § 10-32 provides in relevant part: "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss . . . within the time provided by Section 10-30."

[7] Practice Book § 3-2 (a) provides in relevant part: "After the writ has been filed the attorney for any party to any action, or any party himself or herself may enter his or her appearance in writing with the clerk of the court . . . . [A]n appearance for a party after the entry against such party of a nonsuit or judgment after default for failure to appear shall not affect the entry of the nonsuit or any judgment after default."

Practice Book § 3-3 provides in relevant part: "Each appearance shall (1) be typed or printed on size 8-1/2" x 11" paper, (2) be headed with the name and number of the case, the name of the court location to which it is returnable and the date, (3) be legibly signed by the individual preparing the appearance with the individual's own name and (4) state the party or

On appeal, the plaintiffs raise the claim, as they did before the trial court, that the thirty day limitation instead should be calculated from December 20, 2005, the date the defendant moved to set the default judgment aside. This calculation would render the motion to dismiss untimely.[8]

The predicate for the applicability of the thirty day limitation is the initial filing of a general appearance. In this case, the trial court expressly ruled that the December 20 motion to set aside did not constitute a general appearance because the function of the motion was to contest the court's personal jurisdiction. The narrow question before us, therefore, is whether the motion, as a matter of law, constituted a general appearance. *Fontaine* v. *Thomas*, 51 Conn. App. 77, 81–82, 720 A.2d 264 (1998). We agree with the trial court and conclude that it did not.

The plaintiffs challenge the validity of the court's ruling on the grounds that the defendant's motion to set aside failed to allege the supposed basis for lack of personal jurisdiction and that the motion's language operated as an implied general appearance. The plaintiffs' assertions cannot be reconciled with the text of the defendant's motion, which stated expressly that "[s]ervice of process in this case was . . . never validly made upon this defendant."[9] The defendant's further statement, in another paragraph of the motion, that he

parties for whom the appearance is being entered and the official (with position or department, if desired), firm, professional corporation or individual whose appearance is being entered, together with the juris number assigned thereto if any, the mailing address and the telephone number. . . ."

The defendant filed a standard judicial appearance form, JD-CL-12 Rev. 11-99, on January 17, 2006.

[8] There is no dispute that, had the trial court calculated the thirty day period from the December date, the motion to dismiss would have been procedurally barred pursuant to Practice Book § 10-30.

[9] The initial paragraphs in the motion, alleging the defect in the abode service, prefaced this statement.

had a good defense to the plaintiffs' claims for recovery is not to the contrary because it was not a request for affirmative and distinctive relief beyond the scope of the issues presented by the plaintiffs' complaint. See *Leslie* v. *Leslie*, 174 Conn. 399, 401, 389 A.2d 747 (1978).

In sum, we conclude that the trial court properly granted the defendant's motions to set aside the default judgment and to dismiss the plaintiffs' complaint. The court properly determined that the plaintiffs' default judgment was void because it had, in fact, been rendered without service to obtain personal jurisdiction over the defendant. The court likewise properly determined that the defendant's motions to set the judgment aside and to dismiss the action had, in law, been timely filed.

The judgment is affirmed.

In this opinion the other judges concurred.