******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN MOSBY ET AL. *v.* BOARD OF EDUCATION
OF THE CITY OF NORWALK ET AL.
(AC 42007)

Elgo, Bright and Beach, Js.

*Syllabus*

The plaintiff M, who brought this action seeking damages for breach of
contract, appealed to this court from the judgment of the trial court
rendered in favor of the defendant Board of Education of the City of
Norwalk and the defendant union, after the court granted the board's
motion to dismiss and the union's motion for summary judgment. The
court had granted the motion to dismiss on the basis of improper service
of process pursuant to statute (§ 52-57 [b]), and it rendered summary
judgment in favor of the union on the ground that M lacked standing
to commence his claim against the union. *Held:*

1. The trial court properly granted the board's motion to dismiss: although
M claimed that the board properly was served as a school district pursu-
ant to § 52-57 (b) (4), the language of § 52-57 (b) unambiguously distin-
guishes the particular ways that service is required to be made upon a
school district and a municipal board, and this court would not torture
the language in § 52-57 (b) to construe a school board of education as
being the equivalent of a school district where the plain meaning of the
statute makes a clear distinction between the two; accordingly, because
process properly is served against a school board of education only
when it is made upon the clerk of the town, city or borough, and service
in the present case was not made upon the Norwalk city clerk pursuant
to § 52-57 (b) (5), service was defective.

2. This court declined to review M's claim that the trial court improperly
granted the union's motion for summary judgment for lack of standing,
M having failed to brief the claim adequately; M's brief presented no
facts or legal analysis in support of this claim but, rather, contained
merely conclusory statements that the trial court erred in granting sum-
mary judgment, and there was no analysis of the court's decision granting
the motion for summary judgment.

Argued April 16—officially released July 16, 2019

*Procedural History*

Action to recover damages for breach of contract,
brought to the Superior Court in the judicial district of
Stamford-Norwalk, where the court, *Lee, J.*, granted
the motion to dismiss filed by the defendant Board of
Education of the City of Norwalk; thereafter, the court,
*Jacobs, J.*, granted the motion for summary judgment
filed by the defendant United Public Service Employees
Union; subsequently, the court, *Jacobs, J.*, rendered
judgment in favor of the defendants, from which the
named plaintiff appealed to this court. *Affirmed.*

*John Mosby*, self-represented, the appellant
(named plaintiff).

*M. Jeffry Spahr*, deputy corporation counsel, for the
appellee (named defendant).

*John M. Walsh, Jr.*, for the appellee (defendant
United Public Service Employees Union).

*Opinion*

BEACH, J. The self-represented plaintiff, John Mosby,[1] appeals from the judgment of the trial court rendered in favor of the defendants, the Board of Education of the City of Norwalk (board), and United Public Services Employees Union (union), following the granting of the board's motion to dismiss and the union's motion for summary judgment. On appeal, Mosby claims that the court erred in (1) granting the motion to dismiss in favor of the board on the ground of improper service of process, and (2) granting the motion for summary judgment in favor of the union on the ground that Mosby lacked standing to commence this action against the union. We affirm the judgment of the court.

The trial court's memorandum of decision granting the union's motion for summary judgment sets forth the following relevant and undisputed facts. "As custodians employed by the [board], the plaintiffs were members of Local 1042 Council #4, which negotiated Collective Bargaining Agreements with the [board] in 1997, 2003, and 2011. At the time of [Mosby's] retirement on November 5, 1999, he received medical benefits as set forth in . . . the 1997 Agreement. . . .

"Five of the plaintiffs, who all retired between February 9, 2009, and June 30, 2011, received retirement benefits pursuant to the 2003 Agreement . . . . One of the plaintiffs, who retired on June 30, 2012, received retirement benefits pursuant to the 2011 Agreement. All of the plaintiffs are currently receiving the coverage and benefits to which they are entitled pursuant to the Agreements which were in effect on the dates of their retirements.

"Local 1042 Council #4 was decertified by the Connecticut State Board of Labor Relations on August 26, 2015, and the defendant [union] was certified as the exclusive representative of all custodians employed by the board. The defendant [union] was not a party to the negotiations or the resulting Agreements in 1997, 2003, or 2011."

The plaintiffs' complaint alleged that the board and the union had breached a contract between them governing the plaintiffs' retirement health insurance benefits. On November 29, 2016, the board filed a motion to dismiss the action against it for improper service of process. The court granted the motion to dismiss on January 17, 2017.

On August 9, 2017, the union filed a motion for summary judgment claiming that the plaintiffs lacked standing to pursue this claim. On August 21, 2017, Mosby filed an opposition to the union's motion for summary judgment. Following a hearing, the court granted the union's motion for summary judgment by memorandum of decision dated March 27, 2018, concluding that the plaintiffs lacked standing to bring this action and that

the union could not have breached the agreement at issue because it did not become involved in the collective bargaining process until August 26, 2015. This appeal followed.

I

Mosby first claims that the trial court erred in granting the board's motion to dismiss by concluding that he had not effected service of process properly. In particular, Mosby argues that the board properly was served as a school district pursuant to General Statutes § 52-57 (b) (4). In response, the board asserts that proper service on it could be accomplished only by following the procedures prescribed in § 52-57 (b) (5).

"The Superior Court has no authority to render a judgment against a person who was not properly served with process." *Jimenez* v. *DeRosa*, 109 Conn. App. 332, 337, 951 A.2d 632 (2008). The issue of whether a court has jurisdiction "presents a question of law. . . . Our review of the court's legal conclusion is, therefore, plenary. . . . Our review of the trial court's factual findings is governed by the clearly erroneous standard of review." (Internal quotation marks omitted.) Id., 337–38.

"[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction. . . . [S]ervice of process on a party in accordance with the statutory requirements is a prerequisite to a court's exercise of [personal] jurisdiction over that party. . . . Therefore, [p]roper service of process is not some mere technicality. . . .

"[W]hen a particular method of serving process is set forth by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. . . . [A]n action commenced by such improper service must be dismissed." (Citations omitted; internal quotation marks omitted.) *Matthews* v. *SBA, Inc.*, 149 Conn. App. 513, 529–530, 89 A.3d 938, cert. denied, 312 Conn. 917, 94 A.3d 642 (2014).

The language of subdivisions (4) and (5) of § 52-57 (b), on which the parties rely to support their respective positions, prescribes the methods of service required in order for the court to obtain jurisdiction over particular classes of defendants. Section 52-57 (b) (4) provides that process shall be served "*against a school district, upon its clerk or one of its committee* . . . ." (Emphasis added.) Section 52-57 (b) (5) provides that process shall be served "*against a board, commission, department or agency of a town, city or borough,* notwithstanding any provision of law, *upon the clerk of the town, city or borough,* provided two copies of such process shall be served upon the clerk and the clerk

shall retain one copy and forward the second copy to the board, commission, department or agency . . . ." (Emphasis added.) As such, these subdivisions unambiguously distinguish the particular ways that service is required to be made upon a school district and a municipal board. The issue, thus, is whether the board in the present case properly is categorized as a "school district" or "a board of a town."

Our Supreme Court's decision in *Board of Education* v. *State Employees Retirement Commission*, 210 Conn. 531, 542–43, 556 A.2d 572 (1989), recognized in a different context the distinction between a school district and a school board of education. In that case, our Supreme Court concluded that a municipal board of education is not a school district within the meaning of General Statutes § 7-452 (1). The plaintiffs argued that "a board of education is the equivalent of a school district" and, thus, qualifies as a municipality pursuant to § 7-452 (1).[2] (Internal quotation marks omitted.) Id., 542. In support of their argument, the plaintiffs relied on General Statutes § 10-240, which provides that "[e]ach town shall through its board of education maintain the control of all the public schools within its limits and for this purpose shall be a school district and shall have all the powers and duties of school districts . . . ." Id. In rejecting the plaintiffs' argument, the court reasoned that "[c]learly, § 10-240 provides that [e]ach *town* . . . shall be a school district . . . and that each town's board of education is merely the instrumentality through which the *town* maintain[s] the control of all the public schools within its limits. The plain language of [§ 7-452 (1)] provides that *each town, not each board of education, is a school district* for the purposes recited therein. We will not torture the words or sentence structure of a statute to import an ambiguity where the ordinary meaning of the language leaves no room for it. . . . Thus, we conclude that *a board of education is not a school district*, and, accordingly, the plaintiffs do not fall within the definition of municipality set forth in § 7-452 (1)." (Citation omitted; emphasis altered; internal quotation marks omitted.) Id., 542–43.[3]

In accordance with our Supreme Court's reasoning in *State Employees Retirement Commission*, we will not torture the language in § 52-57 (b) to construe a school board of education as being the equivalent of a school district where the plain meaning of the statute makes a clear distinction between the two. We, thus, agree with the board that process properly is served against a school board of education only when it is made "upon the clerk of the town, city, or borough" pursuant to § 52-57 (b) (5). See *Board of Education* v. *Local 1282*, 31 Conn. App. 629, 632, 626 A.2d 1314 ("[t]he designation of a particular officer or officers on whom service may be made excludes all others."), cert. granted, 227 Conn. 909, 632 A.2d 688 (1993) (appeal withdrawn January 3, 1994).

In the present case, Mosby asserted in his opposition to the board's motion to dismiss that service was hand delivered to Patricia Rivera, secretary of the board, on or about September 14, 2016. Because service was not made upon the Norwalk city clerk, pursuant to § 52-57 (b) (5), service was defective. Accordingly, the trial court properly granted the board's motion to dismiss for improper service of process.

## II

Mosby next claims that the court improperly rendered summary judgment in favor of the union for lack of standing. The union asserts, and we agree, that this claim is inadequately briefed.

Mosby's brief presents no facts or legal analysis in support of this claim, but, rather, merely contains conclusory statements that the court erred in "granting summary judgment" and by "not taking into consideration that the court found merit and genuine issues of material fact and the court had set a trial date." There is also no analysis of the court's decision granting the motion for summary judgment. "We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Citation omitted; internal quotation marks omitted.) *State* v. *Buhl*, 321 Conn. 688, 724, 138 A.3d 868 (2016). Accordingly, we decline to review this claim on the basis that it was inadequately briefed.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] This action was brought by seven self-represented plaintiffs: John Mosby; Marcus Davis; Mace Greene; Winzer Teel; Jim Giordano; Emma Lawrence; and Steve Fulton. John Mosby was the only plaintiff to appeal from the judgment of the trial court.

[2] General Statutes § 7-452 (1) defines a "municipality," in part, as "any town . . . school district . . . ." The statute does not expressly include in the definition a board of education.

[3] In addition, several Superior Court decisions have held that, in the context of § 52-57 (b), a municipal board of education properly is served pursuant to § 52-57 (b) (5) rather than § 52-57 (b) (4). See *Dvorsky* v. *Board of Education*, Superior Court, judicial district of Litchfield, Docket No. CV-11-6004173-S (May 6, 2011); *Saggese* v. *Board of Education*, Superior Court, judicial district of Litchfield, Docket No. CV-06-5000542 (December 12, 2006) (42 Conn. L. Rptr. 481); *Estrella* v. *Stamford*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-04-0200832-S (October 21, 2005) (40 Conn. L. Rptr. 180).