## GUY S. LAMACCHIA *v.* MAGDALENA CHILINSKY
## (AC 24155)

Dranginis, Bishop and McLachlan, Js.

Argued May 25—officially released September 14, 2004

1

*Guy S. LaMacchia*, pro se, the appellant (plaintiff).

*Magdalena    Chilinsky*,    pro    se,    the    appellee (defendant).

*Opinion*

DRANGINIS, J. The plaintiff, Guy S. LaMacchia, appeals from the March 24, 2003 postjudgment order of the trial court denying his motion for child support arrearages and granting the motion for contempt for failure to pay alimony filed by the defendant, Magdalena Chilinsky. On appeal, the plaintiff claims that the court improperly (1) found him in contempt for failing to pay the defendant alimony and (2) found that the defendant did not owe any child support arrearage. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. The court dissolved the parties' marriage on July 25, 2002, and incorporated the parties' separation agreement into the judgment. The separation agreement provided that the plaintiff agreed to accept payments from the Social Security Administration in satisfaction of the defendant's child support arrearages.[1] These social security

---

[1] Article II, paragraph two, of the separation agreement provides: "The [plaintiff] claims that the [defendant] owes child support arrearages in the amount of $1530.00. The [plaintiff] is expected to receive in excess of $1530.00 in child support arrearages from the Social Security Administration upon the entry of the final order of the Court in this dissolution of marriage action. Accordingly, the [plaintiff] agrees to accept child support arrearage

benefits were conferred on the minor children because of the defendant's disability, which hinders her from holding employment. The agreement also provided that the plaintiff was to pay the defendant $571 in alimony per month. This amount later was reduced to $300 per month.

On September 19, 2002, the plaintiff filed a motion for contempt to compel the defendant to pay the child support arrearage both parties had expected would be paid by the retroactive social security disbursements. The court held a hearing on the motion on December 17, 2002, and both parties testified regarding the non-forthcoming payments. At the close of the hearing, the court denied the plaintiff's motion for contempt after finding that the defendant did not owe on any arrearage that may have existed prior to the signing of the separation agreement. The court also found that it was the plaintiff's responsibility to determine how he could obtain the retroactive benefits from the Social Security Administration, if they were acquirable at all. The defendant did not appeal from the court's December 17, 2002 judgment.

On January 17, 2003, the plaintiff filed another motion for child support arrearages because the retroactive benefit checks from the Social Security Administration had not been forthcoming. On February 9, 2003, the defendant filed a motion for contempt based on the plaintiff's failure to pay alimony for the month of January, 2003. The court held a hearing on these motions on March 24, 2003, during which the plaintiff admitted that he had failed to pay the defendant alimony for the months of January, February and March, 2003. The plaintiff claimed that he was unable to meet this finan-

---

payments from the Social Security Administration in full satisfaction for the child support obligation he claims and withdraws his claim for child support arrearages against the [defendant]."

cial obligation because the Social Security Administration was not sending him checks to cover the children's support. The court found, however, that the plaintiff had received social security payments, but had returned the checks to the Social Security Administration rather than cash them. The court, therefore, held the plaintiff in contempt for failing to pay alimony. The court also specifically articulated that pursuant to the separation agreement, the plaintiff had withdrawn any claim for a child support arrearage owed by the defendant in exchange for his ability to collect retroactive benefits from the Social Security Administration.

## I

The plaintiff claims that the court improperly found him in contempt for failing to pay the defendant alimony. The plaintiff contends that the court improperly determined that he was wilfully failing to pay the alimony in light of his financial circumstances, which were strained because he was not receiving the social security disbursements.

We begin our analysis by addressing the appropriate standard of review. "Contempts of court may be classified as either direct or indirect, the test being whether the contempt is offered within or outside the presence of the court. . . . The [plaintiff's] failure to comply with the support order is, therefore, an indirect contempt because it occurred outside the presence of the trial court.

"[A] finding of indirect civil contempt must be established by sufficient proof that is premised upon competent evidence presented to the trial court in accordance with the rules of procedure as in ordinary cases. . . . A finding of contempt is a factual finding. . . . We will reverse that finding only if we conclude that the trial court abused its discretion." (Citations omitted; internal

quotation marks omitted.) *Billings* v. *Billings*, 54 Conn. App. 142, 152, 732 A.2d 814 (1999).

In its articulation on the finding of contempt, the court noted the plaintiff's testimony on January 13, 2003, that he had sent several checks for the benefit of the children back to the Social Security Administration and that he intended to continue doing so. The court ordered him, on that date, to retain and to deposit all checks he received from the Social Security Administration, including the one then in his possession. At the March 24, 2003 hearing on the defendant's motion for contempt for the plaintiff's failure to pay alimony, the plaintiff claimed that he was unable to pay the defendant alimony, as the social security checks had ceased to come. From the plaintiff's testimony, the court concluded that the social security checks had stopped because the plaintiff had returned the uncashed checks to the Social Security Administration and, therefore, the plaintiff's own conduct created the situation that left him unable to pay alimony. We conclude that these findings by the court are amply supported by the evidence and that the court, therefore, did not abuse its discretion by finding the plaintiff in contempt for failing to pay the defendant alimony.

## II

The plaintiff also claims that the court improperly determined that the defendant did not owe child support arrearages for the months leading to the dissolution of the marriage, during which time the plaintiff had custody of the minor children.[2] In support of his claim,

---

[2] The plaintiff, in his brief, also raised a claim that the court improperly denied him a hearing on his motion for child support arrearages. In the plaintiff's brief and at oral argument, however, he presented no record to support his claim, but instead presented this first claim together with his claim that the court improperly found that the defendant did not owe any child support arrearage. These two claims, in essence, merge into one claim: Whether the court improperly determined that the defendant did not owe any child support arrearage.

the plaintiff cites the separation agreement, in which he agreed to substitute retroactive social security disbursements for the benefit of the minor children for any child support obligation owed by the defendant.[3] The plaintiff claims that because he has never received any payments from the Social Security Administration, he should be able to recover the amount in question from the defendant. This claim, however, is barred on the ground of res judicata.

The plaintiff appeals from the court's finding on March 24, 2003, that the defendant did not owe any child support arrearage. As the court noted in its articulation, however, the plaintiff raised the arrearage claim previously in September, 2002. The court held a hearing on the issue on December 17, 2002, and denied that claim.[4] Having already decided the issue in December, 2002, the court could not address the issue of the child support arrearage again in March, 2003. "Res judicata or claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits." (Internal quotation marks omitted.) *Virgo* v. *Lyons*, 209 Conn. 497, 501, 551 A.2d 1243 (1988); see also *Honan* v. *Dimyan*, 63 Conn. App. 702, 708, 778 A.2d 989 (res judicata may operate to preclude claim decided in previous proceeding within same case), cert. denied, 258 Conn. 942, 786 A.2d 430 (2001). The plaintiff, in his January, 2003 motion, captioned, "Motion for Order Re: Child Support Arrearages," asserts the same basis for

---

[3] See footnote 1.

[4] Although the colloquy between the court and the plaintiff may have implied to the plaintiff that he would have an opportunity to raise this issue again after gathering further evidence, the fact is that the court entered a final judgment on the plaintiff's motion. Had the plaintiff desired to reargue this motion on further inquiry, he should have requested a continuance from the court on this issue. Furthermore, as the court noted in its articulation, the plaintiff effectively withdrew any claim he had against the defendant for this contested arrearage through the separation agreement that was incorporated into the dissolution of marriage judgment.

relief and requests the same remedies as he did in his September, 2002 motion, captioned, "Motion for Contempt Re: Child Support." The court, having decided that claim at the December, 2002 hearing, was barred from considering the same claim again at the March, 2003 hearing.

Because the plaintiff failed to appeal from the denial of the claim in December, 2002, that issue has been finally adjudged. The plaintiff's appeal from the court's finding in March, 2003, is unavailing. The plaintiff simply cannot file a new motion alleging the same facts and use it as a vehicle by which to challenge the court's December, 2002 order. Having failed to appeal in a timely manner from the court's finding that no arrearage was owed by the defendant in December, 2002, the plaintiff cannot challenge that ruling now.

The judgment is affirmed.

In this opinion the other judges concurred.