STATE OF CONNECTICUT ET AL. *v.*
DOUGLAS R. MCCARROLL
(AC 28189)

Bishop, Gruendel and Borden, Js.

Argued January 21—officially released March 24, 2009

*Douglas R. McCarroll,* pro se, the appellant
(defendant).

*J. Bernard Davis,* assistant attorney general, with
whom, on the brief, were *Richard Blumenthal,* attorney
general, and *Jane R. Rosenberg,* assistant attorney gen-
eral, for the appellee (state).

*Opinion*

PER CURIAM. The pro se defendant, Douglas R.
McCarroll, appeals from the judgments of the Superior
Court affirming the decision of the family support mag-
istrate denying his motions to open and to set aside
certain paternity judgments. The court concluded that

the claims contained therein were barred by the doctrine of res judicata. We agree and, accordingly, affirm the judgments of the Superior Court.

The relevant facts are not in dispute. On December 20, 1991, a paternity judgment was rendered by family support magistrate Harris T. Lifshitz, in which the defendant was found to be the father of J, born in 1988 to the plaintiff Tracy Philpot. The magistrate ordered the defendant to pay $100 per week in child support, as well as $10 per week toward an arrearage found to be $15,600. On March 20, 1992, a paternity judgment was rendered by family support magistrate Ronald Sullivan, in which the defendant was found to be the father of D, born in 1991 to the plaintiff Debra Allegrini. The magistrate ordered the defendant to pay $75 per week in child support, $5 per week toward an arrearage of $1950 owed to the child's mother and $5 per week toward an arrearage of $246 owed to the state.

On January 14, 1993, the defendant filed a motion to modify the child support order pertaining to Philpot, arguing, inter alia, that the order was unreasonable due to his indigence. The family support magistrate denied that motion with prejudice. From that decision, the defendant appealed to the Superior Court, which dismissed the appeal.

In May, 1995, the defendant was incarcerated in a federal prison for a term in excess of fifteen years. On July 12, 1996, the defendant filed motions to modify the child support orders pertaining to both children. Those motions alleged that the respective child support orders were unreasonable in that they substantially deviated from the child support guidelines established pursuant to General Statutes § 46b-215a. A combined hearing was held on the motions, at which the defendant appeared and argued. Family support magistrate Sandra Sosnoff Baird thereafter issued an order relieving the defendant

of his obligation to make support and arrearage payments during the time he was incarcerated. At the same time, the magistrate did not relieve the defendant of his responsibilities to pay accumulated arrearages. Specifically, the magistrate's order in the Philpot matter found an arrearage owed to Philpot's mother of $11,700, and an arrearage owed to the state of $29,300. The magistrate's order in the Allegrini matter found an arrearage owed to the state of $19,200. Implicit in those orders is the rejection of the defendant's claim that the support orders substantially deviated from the child support guidelines. The defendant did not appeal from those decisions.

In May, 2002, the department of social services (department) notified the defendant that it would be withholding his insurance assets to satisfy his arrearages in the Philpot and Allegrini matters. In response, the defendant requested an administrative hearing, at which he maintained that the support orders were fraudulent because they failed to take into account his indigence and substantially deviated from the child support guidelines. Following a hearing, the department ruled against the defendant and denied his request for reconsideration. The defendant thereafter filed appeals in the Superior Court from the department's rulings in the Philpot and Allegrini matters. In each appeal, the defendant again argued that the support orders were fraudulent because they failed to take into account his indigence and substantially deviated from the child support guidelines. The court dismissed the appeals on May 22, 2006.

The defendant on May 20, 2005, filed the motions to open and to set aside the paternity judgments that are the subject of this appeal. In those motions, the defendant once again asserted that the support orders were fraudulent because they failed to take into account his indigence and substantially deviated from the child sup-

port guidelines. On June 1, 2006, family support magistrate Linda T. Wihbey held a combined hearing on the motions, in which the defendant participated by telephone. At the conclusion thereof, the magistrate denied the motions on res judicata grounds.[1] From that decision, the defendant appealed to the Superior Court pursuant to General Statutes § 46b-231 (n).[2] Following a hearing, the court affirmed the decision of the family support magistrate denying the motions to open and to set aside. This appeal followed.

"The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation. . . . [T]he doctrine of res judicata . . . [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action [between the same parties or those in privity with them] on the same claim." (Citation omitted; internal quotation marks omitted.) *Twenty-Four Merrill Street Condominium Assn., Inc.* v. *Murray*, 96 Conn. App. 616, 619, 902 A.2d 24 (2006). The applicability of res judicata presents a question of law, over which our review is plenary. Id.

In the present case, the magistrate found that the defendant had raised the claim that the support orders

---

[1] Apart from denying the motions on res judicata grounds, the magistrate alternatively concluded that the defendant failed to produce any evidence of fraud or mistake in the rendering of the judgments that would warrant a departure from the four month limitation contained in General Statutes §§ 52-212 and 52-212a and Practice Book § 17-4.

[2] General Statutes § 46b-231 (n) provides in relevant part: "(1) A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section.

"(2) Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district in which the decision of the family support magistrate was rendered not later than fourteen days after filing of the final decision . . . .

"(6) The appeal shall be conducted by the Superior Court without a jury and shall be confined to the record and such additional evidence as the Superior Court has permitted to be introduced. . . ."

were fraudulent because they failed to take into account his indigence and substantially deviated from the child support guidelines in multiple prior proceedings. The magistrate further found that those claims had been actually litigated and decided in those prior proceedings. Accordingly, the magistrate concluded that the claims asserted in the motions to open and to set aside were barred by res judicata. See *LaMacchia* v. *Chilinsky*, 85 Conn. App. 1, 6–7, 856 A.2d 459 (res judicata bars court from considering same basis for relief regarding child support arrearages as asserted in prior proceeding), cert. denied, 271 Conn. 942, 861 A.2d 514 (2004); *Fish* v. *Igoe*, 83 Conn. App. 398, 404, 849 A.2d 910 (res judicata precluded relitigation of child support issue "pertaining to a past proceeding"), cert. denied, 271 Conn. 921, 859 A.2d 577 (2004). The Superior Court expressly adopted that reasoning in affirming the magistrate's decision. On our review of the record, we conclude that the determination that the doctrine of res judicata precluded consideration of the defendant's claims is legally and logically correct. The court properly affirmed the denial of the motions to open and to set aside.

The judgments are affirmed.