## KEVIN ALLDRED *v.* ELIZABETH ALLDRED
## (AC 32933)

DiPentima, C. J., and Beach and Peters, Js.

Argued September 12—officially released December 6, 2011

*Erich H. Gaston* and *Alison Gaston*, with whom, on the brief, was *Nancy Freshman*, for the appellant (defendant).

*John C. Heffernan*, with whom, on the brief, was *J. Colin Heffernan*, for the appellee (plaintiff).

*Opinion*

PETERS, J. Because service of process implicates a court's personal jurisdiction, "an action commenced by . . . improper service must be dismissed." (Internal quotation marks omitted.) *Jimenez* v. *DeRosa*, 109 Conn. App. 332, 338, 951 A.2d 632 (2008). The dispositive issue in this case is whether, in two postjudgment contempt actions brought against a plaintiff who no longer resides in this country, the defendant properly served the plaintiff by mailing copies of the pleadings to the plaintiff's counsel of record. The defendant appeals from the judgment of the trial court granting the plaintiff's motions to dismiss the defendant's contempt actions. We affirm the judgment of the court.

The motions for contempt arise out of a judgment rendered on May 2, 2007, in which the court, *Pickard, J.*, dissolved the marriage of the plaintiff, Kevin Alldred, and the defendant, Elizabeth Alldred. Since the date of the dissolution, the parties have been engaged in contentious litigation.

In the present appeal, the defendant challenges the validity of the court's judgment granting the plaintiff's motions to dismiss two postjudgment motions for contempt that the defendant filed on July 7 and August 5,

2010. In its memorandum of decision dated September 10, 2010, the court held that dismissal was required because of insufficiency of service on the plaintiff. On November 12, 2010, the court denied the defendant's motion for reconsideration, reargument and articulation. The defendant has appealed.

The underlying facts are not in dispute. The parties' marriage was dissolved by a decree incorporating the parties' May 1, 2007 separation agreement. The agreement provided for the sale of the marital home in Bridgewater. The agreement contemplated that the sale would occur within two years and afforded each party the option to buy out the other's interest in the property. The fact that the contemplated sale did not take place within the anticipated time frame has led to considerable further litigation.

On April 28, 2010, the court, *Shaban, J.,* in a judgment resolving numerous outstanding postjudgment motions, issued orders concerning the payment of household expenses and the marketing and sale of the marital home.[1] It found the plaintiff in contempt of its May 2, 2007 judgment and awarded the defendant $10,000 in attorney's fees. It also sanctioned the plaintiff for having failed to comply with discovery requests and awarded the defendant an additional $7500 in attorney's fees, for a total award of $17,500.

The present appeal arises out of postjudgment contempt proceedings initiated by the defendant to enforce the court's April 28, 2010 orders. The first contempt motion, filed July 7, 2010, alleged that the plaintiff had failed to pay the $17,500 ordered by the court. The second contempt motion, filed August 5, 2010, alleged

---

[1] In an addendum to their separation agreement, dated May 1, 2007, the parties consented to the court's continuing jurisdiction over the sale of the marital home.

that the plaintiff had failed to comply with the court's orders concerning the sale of the marital home.

By the time that the defendant initiated the contempt proceedings, the plaintiff had moved his residence to Vienna, Austria. The defendant did not serve the plaintiff personally or avail herself of an applicable long arm statute to notify the plaintiff of the pending proceedings.[2] Instead, the defendant attempted to serve the plaintiff by mailing copies of the contempt motions to the plaintiff's counsel of record.

The plaintiff filed timely motions to dismiss the contempt proceedings, arguing that, due to insufficient service of process, the court lacked personal jurisdiction over him. In its memorandum of decision dated September 10, 2010, the court, *Danaher, J.*, agreed with the plaintiff. The court held that "[a] motion for contempt, if granted, can result in a loss of liberty. Due process mandates that the individual who is the subject of the motion be personally apprised of the motion. Absent agreement by counsel and by the individual who is the subject of the motion, mailing a motion for contempt to opposing counsel is insufficient. This is particularly true in the postjudgment setting . . . ."

On appeal, the defendant claims that the court improperly concluded that her postjudgment motions for contempt required personal service upon the plaintiff. We disagree.

Preliminarily, we note that "a challenge to the jurisdiction of the court presents a question of law over

---

[2] Service on the plaintiff could have been made pursuant to the domestic relations long arm statute, General Statutes § 46b-46 (b); see *Cato* v. *Cato*, 27 Conn. App. 142, 144–45, 605 A.2d 558 (1992), aff'd, 226 Conn. 1, 626 A.2d 734 (1993); or General Statutes § 52-59b, the general long arm statute, which provides a procedural remedy for a claim against someone owning property in this state. See *Cadlerock Joint Venture II, L.P.* v. *Milazzo*, 287 Conn. 379, 387–89, 949 A.2d 450 (2008).

which our review is plenary." *Ryan* v. *Cerullo*, 282 Conn. 109, 118, 918 A.2d 867 (2007). "[T]he Superior Court . . . may exercise jurisdiction over a person *only if that person has been properly served with process*, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." (Emphasis added; internal quotation marks omitted.) *Kim* v. *Magnotta*, 249 Conn. 94, 101–102, 733 A.2d 809 (1999). "[A]n action commenced by . . . improper service must be dismissed." (Internal quotation marks omitted.) *Jimenez* v. *DeRosa*, supra, 109 Conn. App. 338; see also Practice Book § 25-13 (a) (5).[3]

"Proper service of process is not some mere technicality"; *Hibner* v. *Bruening*, 78 Conn. App. 456, 458, 828 A.2d 150 (2003); but is designed to provide notice of judicial proceedings that may implicate a party's rights. "It is beyond question that due process of law . . . requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation." (Internal quotation marks omitted.) *Cologne* v. *Westfarms Associates*, 197 Conn. 141, 150, 496 A.2d 476 (1985).

Adjudication of a motion for civil contempt[4] implicates these constitutional safeguards. Addressing a postjudgment finding of civil contempt in *Cologne*, our Supreme Court held that "[w]here the alleged contempt

---

[3] Practice Book § 25-13 governs motions to dismiss in family matters and provides in relevant part: "(a) The motion to dismiss shall be used to assert . . . (5) insufficiency of service of process. . . ."

[4] Civil contempt may be either direct or indirect. Indirect contempt concerns conduct occurring outside of the court's presence. See *LaMacchia* v. *Chilinsky*, 85 Conn. App. 1, 4, 856 A.2d 459, cert. denied, 271 Conn. 942, 861 A.2d 514 (2004).

does not occur in the presence of the court . . . process is required to bring the party into court, and the acts or omissions constituting the offense are to be proved as in ordinary cases." (Internal quotation marks omitted.) Id., 152.

The defendant argues that the principles that ordinarily govern adjudication of a claim of civil contempt do not apply in the circumstances of this case because her contempt motions were intended merely to enforce the orders contained in the April 28, 2010 judgment rendered by Judge Shaban. Focusing on the fact that counsel for the plaintiff never filed a timely motion to withdraw from representation of his interests in the underlying litigation, the defendant maintains that, pursuant to Practice Book § 3-9 (c),[5] counsel continued to be of record "for all postjudgment purposes." It follows, according to the defendant, that the plaintiff has waived his right to contest personal jurisdiction.

The dispositive issue in this appeal, therefore, is whether a postjudgment motion for contempt that is filed for the purpose of enforcing an antecedent judicial order requires proper service of process. Established rules of court describing the process required to commence postjudgment contempt proceedings in family matters expressly distinguish between pendente lite and postjudgment motions. Practice Book § 25-27, which governs motions for contempt in family matters, provides in relevant part: "(b) Each motion for contempt must state clearly in the caption of the motion whether it is a pendente lite or a postjudgment motion . . . ." The distinction between contempt proceedings filed before judgment and those filed after judgment has entered is reinforced by the terms of judicial form

---

[5] Practice Book § 3-9 (c) provides in relevant part: "All appearances of counsel shall be deemed to have been withdrawn 180 days after the entry of judgment in any action seeking a dissolution of marriage or civil union, annulment, or legal separation . . . ."

JD-FM-173, the vehicle for filing contempt motions in family matters. The form specifies that certified delivery is appropriate only if the contempt motion is filed *before judgment*. See judicial form JD-FM-173.[6] By implication, proper service of process in *postjudgment* contempt proceedings requires the movant to cause the contempt complaint and summons to be served upon the alleged contemnor. See also A. Rutkin, S. Oldham & K. Hogan, 8 Connecticut Practice Series: Family Law and Practice with Forms (2010) § 34:5, pp. 110–11.

These rules of practice reflect and implement an alleged contemnor's constitutional right to proper notice of the contempt proceedings and an opportunity to be heard. See *Cologne* v. *Westfarms Associates*, supra, 197 Conn. 151–52. "Where a final judgment has entered and no other matters in connection with the case are currently pending before the court . . . the contempt proceeding must be initiated by way of an Application for Order to Show Cause and for Contempt Citation. . . . [T]he application is forwarded first to the clerk of the court who assigns a specific date and time for hearing on the contempt matter. The papers are then served on the respondent in the same manner employed for the service of civil process." 8 A. Rutkin, S. Oldham & K. Hogan, supra, p. 110. Postjudgment contempt proceedings like those at issue in the present case are, therefore, "not properly instituted with the mere filing of a motion . . . ." Id., p. 111.[7]

---

[6] Judicial form JD-FM-173 instructs the movant to specify whether the claimed contempt is occurring "Before Judgment (pendente lite)" or "After Judgment." The form indicates in large, bolded and italicized print, that certified delivery is not appropriate in the postjudgment context. In the section that instructs the movant to certify that he or she has mailed or delivered a copy of the contempt motion to the alleged contemnor, the form states: *"Certification (Complete if motion is filed before judgment (pendente lite))."* The form also includes a court order "[t]o attend hearing and notice," a summons and a blank return of service to be completed by the marshal serving the alleged contemnor. See judicial form JD-FM-173.

[7] In the postjudgment context, "[a] contempt proceeding is not properly instituted with the mere filing of a motion if the situation is not one of those

The defendant argues, nonetheless, that service of process was not necessary in this case because the plaintiff had actual notice of the contempt proceedings from his counsel. The defendant has provided no authority to support her contention that actual notice is a legally sufficient substitute for the service of process that is required to initiate postjudgment contempt proceedings. To the contrary, mere knowledge of the proceedings is insufficient to confer personal jurisdiction over a party who has not been properly served. See *Kim* v. *Magnotta*, supra, 249 Conn. 101–102; 8 A. Rutkin, S. Oldham & K. Hogan, supra, § 34:5. As a matter of law, the contempt proceedings presently at issue, which were initiated by the defendant in July and August, 2010, are legally separate and distinct from the 2009 postjudgment matters in which counsel appeared on behalf of the plaintiff.

We conclude, therefore, that the court properly granted the plaintiff's motions to dismiss. Regardless of the substantive merits of the defendant's claim, her

specific instances described above." 8 A. Rutkin, S. Oldham & K. Hogan, supra, p. 111. This statement references an earlier notation, which cites Practice Book § 3-9 and provides: "A motion will . . . be sufficient notwithstanding that there has been a judgment entered in the action . . . if counsel representing the party claimed to be in contempt has not received permission from the court to withdraw his or her appearance, and the motion for contempt is filed within 180 days of the entry of judgment." Id., p. 110.

In the present case, the judgment of dissolution was entered in 2007. The 180 day period contemplated by § 34:5 of the Connecticut Practice Series on family matters and set forth in Practice Book § 3-9 (c) has long since passed. In its September 10, 2010 memorandum of decision dismissing the contempt proceedings, the court stated: "Absent agreement by counsel and by the individual who is the subject of the motion, mailing a motion for contempt to opposing counsel is insufficient. This is particularly true in the postjudgment setting, where the application of Practice Book §§ 10-12 and 10-13, which permit service by mailing motions to opposing counsel, must be reconciled with Practice Book § 3-9 (c), which provides that all appearances of counsel shall be deemed withdrawn 180 days after the entry of judgment. In this case, judgment entered on May 2, 2007, and the 180 day period has long since passed." We agree.

attempt to serve the plaintiff by mailing copies of the postjudgment contempt motions to the plaintiff's counsel did not confer personal jurisdiction over the plaintiff on the court.

The judgment is affirmed.

In this opinion the other judges concurred.