******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ALISON BARR *v.* DEAN BARR
## (AC 42333)

Keller, Bright and Sheldon, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed to this court from the judgment of the trial court granting the plaintiff's postjudgment motion for contempt. The plaintiff had filed five postjudgment motions for contempt alleging the defendant's noncompliance with various dissolution orders. The court granted three of the motions and issued orders thereon, after which the plaintiff filed a sixth postjudgment motion for contempt, seeking an order holding the defendant in contempt for failing to comply with the court's orders. By the time the plaintiff filed this motion, the defendant had moved his residence to Georgia. The plaintiff's counsel certified the motion to an address in Georgia on file for the defendant and to his e-mail address on file, but the defendant was not served personally. *Held* that the trial court improperly granted the motion for contempt because the plaintiff did not properly serve the defendant with process: the defendant's claim was reviewable because it challenged the court's personal jurisdiction, and that issue was not waived because there had been no service of process or attempt of service; moreover, a postjudgment motion for contempt filed for the purpose of enforcing an antecedent judicial order requires proper service of process and the plaintiff made no attempt to serve the defendant with process, rather, the plaintiff's counsel certified that a copy of the motion was mailed to the defendant's address in Georgia and e-mailed to the defendant's e-mail address on file, and whether the plaintiff's attempts to provide the defendant with mail or e-mail actually occurred, or whether they provided the defendant with actual notice of the motion, was immaterial because knowledge of the motion, without proper service, was insufficient to confer personal jurisdiction.

Argued November 13, 2019—officially released January 28, 2020

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk and tried to the court, *S. Richards*, *J.*; judgment dissolving the marriage and granting certain other relief; thereafter, the court, *Heller*, *J.*, granted three motions for contempt filed by the plaintiff and entered orders thereon; subsequently, the court, *Heller*, *J.*, granted the plaintiff's motion for contempt, and the defendant appealed to this court. *Reversed; judgment directed.*

*Joseph M. Pastore III*, for the appellant (defendant).

*Opinion*

KELLER, J. The defendant, Dean Barr, appeals from the trial court's judgment granting the postjudgment motion for contempt brought by the plaintiff, Alison Barr.[1] The defendant claims that, with respect to the motion, the plaintiff did not properly serve the defendant with process.[2] We agree with the defendant and, accordingly, reverse the judgment of the court and remand the case with direction to dismiss the motion for contempt.

The record reveals the following procedural history. The court, *S. Richards, J.*, rendered judgment dissolving the parties' marriage on December 31, 2015. On October 7, 2016, the plaintiff filed five postjudgment motions for contempt, citing the defendant's noncompliance with various dissolution orders. On March 21, 2017, the court, *Heller, J.*, issued a memorandum of decision, in which it granted three[3] of the plaintiff's motions for contempt and denied two[4] of the plaintiff's motions for contempt. On June 21, 2018, the plaintiff filed a motion for contempt seeking an additional order holding the defendant in contempt for failing to comply with the orders set forth in the March 21, 2017 memorandum of decision. The plaintiff's counsel certified the June 21, 2018 motion to an address for the defendant in Suwanee, Georgia. On July 16, 2018, the court held a hearing on the plaintiff's motion. The defendant did not file an appearance and was not present at the hearing, but the court found that the defendant had notice of the hearing and of the June 21, 2018 motion for contempt. The court did not make any finding with respect to whether the out-of-state defendant was served with process in accordance with the applicable long arm statutes. On November 9, 2018, the court issued a memorandum of decision, in which it granted the plaintiff's motion for contempt. The defendant filed the present appeal on November 29, 2018.[5]

On appeal, the defendant asserts that the plaintiff's counsel had claimed that a copy of the June 21, 2018 postjudgment motion for contempt was mailed to a Georgia address on file for the defendant and was e-mailed to the defendant's e-mail address on file. The defendant claims that the plaintiff, therefore, did not properly serve the defendant with process. We agree.

Preliminarily, we address the reviewability of the defendant's claim because he raises the issue of personal jurisdiction for the first time on appeal. "Under our well established jurisprudence, [a] challenge to a court's personal jurisdiction . . . is waived if not raised by a motion to dismiss within thirty days [after the filing of an appearance]. . . . The general waiver rule, however, is inapplicable in situations in which there has been no service of process or attempt of service." (Citations omitted; internal quotation marks

omitted.) *Bowen* v. *Seery*, 99 Conn. App. 635, 638, 915 A.2d 335, cert. denied, 282 Conn. 906, 920 A.2d 308 (2007). In *Bowen*, this court held that a party did not waive its challenge to personal jurisdiction by not filing a motion to dismiss within the time constraints of Practice Book § 10-30 because the party was not served with process and did not appear in the action. Id., 640 n.5.

Further, our Supreme Court has held that "[i]t is axiomatic that a court cannot render a judgment without first obtaining personal jurisdiction over the parties. No principle is more universal than that the judgment of a court without jurisdiction is a nullity. . . . Such a judgment, whenever and wherever declared upon as a source of a right, may always be challenged." (Internal quotation marks omitted.) *Argent Mortgage Co.*, *LLC* v. *Huertas*, 288 Conn. 568, 576, 953 A.2d 868 (2008). "As a matter of law, in the absence of jurisdiction over the parties, a judgment is void ab initio and is subject to both direct and collateral attack." (Internal quotation marks omitted.) *Wilkinson* v. *Boats Unlimited, Inc.*, 236 Conn. 78, 84, 670 A.2d 1296 (1996). The Restatement (Second) of Judgments categorizes relief by way of an appeal from a judgment as a direct attack. 2 Restatement (Second), Judgments, c.5, introductory note, pp. 140–41 (1982).[6]

Having determined that this court can review the defendant's claim, we now turn to the applicable standard of review.[7] "[A] challenge to the jurisdiction of the court presents a question of law over which our review is plenary." *Ryan* v. *Cerullo*, 282 Conn. 109, 118, 918 A.2d 867 (2007). "[T]he Superior Court . . . may exercise jurisdiction over a person *only if that person has been properly served with process*, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." (Emphasis added; internal quotation marks omitted.) *Kim* v. *Magnotta*, 249 Conn. 94, 101–102, 733 A.2d 809 (1999).

"Proper service of process is not some mere technicality . . . but is designed to provide notice of judicial proceedings that may implicate a party's rights. It is beyond question that due process of law . . . requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. . . .

"Adjudication of a motion for civil contempt implicates these constitutional safeguards. . . . [W]here the alleged contempt does not occur in the presence of the court . . . process is required to bring the party into court, and the acts or omissions constituting the offense are to be proved as in ordinary cases." (Citations omitted; footnote omitted; internal quotation marks omit-

ted.) *Alldred* v. *Alldred*, 132 Conn. App. 430, 434–35, 31 A.3d 1185 (2011), appeal dismissed, 303 Conn. 926, 35 A.3d 1075 (2012). This court, in *Alldred*, addressed an issue nearly identical to that in the present case: "[W]hether a postjudgment motion for contempt that is filed for the purpose of enforcing an antecedent judicial order requires proper service of process." Id., 435. Although the procedural posture of *Alldred* differed from that of the present case, because in *Alldred*, this court reviewed the trial court's judgment granting the plaintiff's motion to dismiss the defendant's contempt actions and, here, we are reviewing the trial court's judgment granting the plaintiff's motion for contempt, the service of process requirement delineated in *Alldred* remains equally applicable to the present case. Id., 433.

In *Alldred*, this court distinguished between the service requirements for pendente lite and postjudgment motions in holding that "proper service of process in postjudgment contempt proceedings requires the movant to cause the contempt complaint and summons to be served upon the alleged contemnor." (Emphasis omitted.) Id., 436. Further, this court relied on the family law volume of the Connecticut Practice Series to support this service of process requirement: "Where a final judgment has entered and no other matters in connection with the case are currently pending before the court . . . the contempt proceeding must be initiated by way of an Application for Order to Show Cause and for Contempt Citation. . . . [T]he application is forwarded first to the clerk of the court who assigns a specific date and time for hearing on the contempt matter. The papers are then served on the respondent in the same manner employed for the service of civil process." A. Rutkin et al., 8 Connecticut Practice Series: Family Law and Practice with Forms (2010) § 34:5, pp. 110–11. Further, in a postjudgment contempt proceeding, "mere knowledge of the proceedings is insufficient to confer personal jurisdiction over a party who has not been properly served." *Alldred* v. *Alldred*, supra, 132 Conn. App. 437. On the basis of the foregoing, in *Alldred* this court held that the defendant's "attempt to serve the plaintiff by mailing copies of the postjudgment contempt motions to the plaintiff's counsel did not confer personal jurisdiction over the plaintiff on the court." Id., 438. Our Supreme Court has also held that, "[w]hen a particular method of serving process is set forth by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." (Internal quotation marks omitted.) *Argent Mortgage Co., LLC* v. *Huertas*, supra, 288 Conn. 576.

Here, with regard to the June 21, 2018 postjudgment motion for contempt, the plaintiff did not provide the defendant with proper service of process. Pursuant to *Alldred*, the plaintiff must have provided the defendant with service of process in the manner required for the

service of civil process. The record indicates that the plaintiff made no attempt to serve the defendant under any applicable long arm statute. Rather, the record reflects that the plaintiff's counsel certified that he mailed a copy of the motion to an address on file for the defendant in Suwanee, Georgia, and e-mailed a copy to the defendant's e-mail address on file. Whether the plaintiff's attempts to provide the defendant with mail or e-mail actually occurred, or whether they provided the defendant with actual notice of the motion, is immaterial because knowledge of the motion, without proper service, is insufficient to confer personal jurisdiction over that party. *Alldred* v. *Alldred*, supra, 132 Conn. App. 438.

The judgment is reversed and the case is remanded with direction to dismiss the June 21, 2018 motion for contempt.

In this opinion the other judges concurred.

[1] The plaintiff did not file a brief and we have ordered that this appeal be considered on the basis of the defendant's brief and the record alone.

[2] The defendant asserts two claims: "(1) [The] [d]efendant was not properly served with process of [the] plaintiff's motion for contempt, postjudgment, dated June 21, 2018.

"(2) The trial court erred in holding that [the] defendant was properly served with the motion for contempt, postjudgment, dated June 21, 2018."

Because we deem these claims to raise the same issue we have combined these claims into one.

[3] The court granted the plaintiff's motions for contempt related to the following matters: (1) the defendant's failure to pay the balance of alimony and child support arrearage, (2) the defendant's failure to pay a $210,000 loan due to the Bank of America, and (3) the defendant's failure to pay pendente lite attorney's fees.

Further, on March 13, 2017, the court granted the plaintiff's motion for reimbursement of the sums paid by the plaintiff to reinstate medical insurance coverage for the parties' minor children and to maintain the defendant's then existing life insurance coverage.

[4] The court denied the plaintiff's motions for contempt related to the following matters: (1) the defendant's failure to make a payment due to the plaintiff from proceeds received from certain prior litigation, and (2) the defendant's failure to obtain life insurance.

[5] In its November 9, 2018 memorandum of decision, the court also awarded the plaintiff attorney's fees as a sanction for the defendant's conduct. At the time this appeal was filed, it does not appear that the court had made a finding regarding the amount of the attorney's fees to be awarded as a sanction. Even though the issue of sanctions had not been resolved fully at the time this appeal was filed, the court's judgment finding the defendant in contempt constitutes an appealable final judgment. See *Khan* v. *Hillyer*, 306 Conn. 205, 217, 49 A.3d 996 (2012) ("a civil contempt order requiring the contemnor to incur a cost or take specific action . . . satisfies the second prong of [*State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983)] and, therefore, constitutes an appealable final judgment"); *Bryant* v. *Bryant*, 228 Conn. 630, 636, 637 A.2d 1111 (1994) (civil contempt finding based upon determination of arrearage under marital dissolution decree an appealable final order even though issue of sanctions unresolved).

In *State* v. *Curcio*, supra, 191 Conn. 31, our Supreme Court set forth the test for determining when an otherwise interlocutory order or ruling of the Superior Court constitutes an appealable final judgment. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id.

[6] The defendant potentially could have moved to open the court's judgment. Raising the claim before the trial court, by means of an appropriate postjudgment motion, would have afforded the trial court an opportunity to correct any potential error with respect to this issue; see, e.g., *Alexandre*

v. *Commissioner of Revenue Services*, 300 Conn. 566, 584–85, 22 A.3d 518 (2011); and, perhaps, would have provided the defendant with a more efficient means of obtaining relief. Nonetheless, we conclude that the defendant did not waive his right to challenge the court's lack of personal jurisdiction, and, in the present appeal, he may raise such issue in the form of a direct attack on the judgment rendered against him.

[7] Even if we were to conclude that, in the absence of recourse to an extraordinary level of review, the defendant could not properly raise a claim related to lack of personal jurisdiction for the first time on appeal, we nonetheless would conclude that the claim is amenable to review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

"[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original; footnote omitted.) Id.; see also *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015) (modifying third prong of *Golding* by eliminating word "clearly" before words "exists" and "deprived" [internal quotation marks omitted]).

In the present case, the record is adequate to review the alleged claim of error and the defendant's claim is of constitutional magnitude because, as he asserts in his brief, it implicates the right to due process. Additionally, as explained later in this opinion, the constitutional violation exists. The defendant's claim is not subject to a harmless error analysis.

The defendant did not affirmatively request review pursuant to *Golding*; this fact, however, does not preclude this court from such review. See *State* v. *Elson*, 311 Conn. 726, 754–55, 91 A.3d 862 (2014) ("to obtain review of an unpreserved claim pursuant to [*Golding*], a defendant need only raise that claim in his main brief, wherein he must present a record that is [adequate] for review and affirmatively [demonstrate] that his claim is indeed a violation of a fundamental constitutional right" [internal quotation marks omitted]).