******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# NANCY SCHOTT *v.* TERRENCE JOHN SCHOTT
## (AC 43541)

Elgo, Alexander and DiPentima, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed to this court from the decision of the trial court denying his motion to modify his alimony obligation. Pursuant to a separation agreement entered into by the parties and incorporated in the court's judgment of dissolution, the defendant was obligated to pay alimony to the plaintiff until, inter alia, the plaintiff's cohabitation with another individual. On appeal, the defendant claimed that, pursuant to the plain language of the separation agreement, the court was obligated to terminate his alimony obligation in light of evidence of the plaintiff's cohabitation. *Held* that the trial court improperly denied the defendant's motion to modify his alimony obligation: the separation agreement plainly and unambiguously provided, in mandatory language, that the defendant's alimony obligation shall be terminated upon cohabitation by the plaintiff, and the court found that, following the dissolution of the parties' marriage, the plaintiff cohabitated with another individual, which was substantiated by evidence adduced at a hearing on the motion; moreover, although the court expressly found that the plaintiff experienced a change in circumstances, it nonetheless failed to apply the relevant provision of the statute (§ 46b-86 (b)) regarding cohabitation, and, instead, sua sponte invoked § 46b-86 (a), which permits modification of an alimony order upon a showing of a substantial change in circumstances, which was error, as the defendant's postjudgment motion for modification was premised on cohabitation pursuant to § 46b-86 (b).

Argued April 20—officially released June 15, 2021

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Waterbury and tried to the court, *Hon. Robert T. Resha*, judge trial referee; judgment dissolving the marriage and granting certain other relief; thereafter, the court, *Ficeto, J.*, denied the defendant's motion to modify alimony, and the defendant appealed to this court. *Reversed*; *further proceedings*.

*Prerna Rao*, for the appellant (defendant).

*Opinion*

ELGO, J. The defendant, Terrence John Schott, appeals from the judgment of the trial court denying his postjudgment motion to modify his alimony obligation. He claims that, pursuant to the plain terms of the parties' separation agreement, the court was obligated to terminate that obligation once it found that the plaintiff, Nancy Schott, was cohabitating with another person. We agree and, accordingly, reverse the judgment of the trial court.

The relevant facts are not in dispute. The parties married in 1996. Following the subsequent breakdown of their marriage, they entered into a separation agreement that the court incorporated into its April 22, 2014 judgment of dissolution (separation agreement). Pursuant to §§ 5.1 and 5.3 of that agreement, the defendant was obligated to pay alimony to the plaintiff until "the death of either party, the [plaintiff's] remarriage, or the [plaintiff's] cohabitation according to the statutes . . . ."

On June 21, 2019, the defendant filed a postjudgment motion to modify his alimony obligation, which was predicated on the plaintiff's alleged cohabitation "with another individual for at least two years . . . ." The court held a hearing on the motion, at which the plaintiff testified that she had been living with Michael Cerone for approximately two years. The plaintiff also testified that she was in a romantic relationship with Cerone. At the conclusion of the hearing, the defendant asked the court to terminate his alimony obligation "retroactive as of two years for when [the plaintiff] and [Cerone] had moved in together or, alternatively, back to the date of the filing of this motion."

In its subsequent memorandum of decision, the court found that "[a]t some point [Cerone] moved into [the plaintiff's] home with her." The court further found that, "[i]n March, 2019, the plaintiff and Cerone purchased a 2800 square foot home in Port St. Lucie. The plaintiff's name is on the deed, however the mortgage is solely in Cerone's name." The court nevertheless did not make any specific finding as to precisely when the plaintiff began her cohabitation with Cerone. After invoking the substantial change in circumstances provision of General Statutes § 46b-86 (a), the court stated: "The court finds that the plaintiff's living arrangement with Cerone is such that she receives a benefit. She has an ownership interest in the Port St. Lucie home. Her expenses, however, appear to remain the same. The evidence at the hearing indicates that the plaintiff continues to pay half the household expenses, including the mortgage, and bears the expense of maintaining her animals. She is disabled and has no ability to earn beyond her disability income. Although the plaintiff has experienced a change in circumstances, the court finds that the change is not

such that it warrants a modification of alimony after considering the factors set forth in [General Statutes] § 46b-82." The court thus denied the defendant's motion for modification, and this appeal followed.[1]

On appeal, the defendant claims that the court improperly denied his motion to modify his alimony obligation. He contends that, pursuant to the plain language of the separation agreement, the court was obligated to terminate that obligation in light of the plaintiff's cohabitation with Cerone. We agree.

"It is well established that a separation agreement that has been incorporated into a dissolution decree and its resulting judgment must be regarded as a contract and construed in accordance with the general principles governing contracts. . . . When construing a contract, we seek to determine the intent of the parties from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . When only one interpretation of a contract is possible, the court need not look outside the four corners of the contract. . . . When the language is clear and unambiguous . . . the contract must be given effect according to its terms, and the determination of the parties' intent is a question of law." (Internal quotation marks omitted.) *Nation-Bailey* v. *Bailey*, 316 Conn. 182, 191–92, 112 A.3d 144 (2015); see also *Gold* v. *Rowland*, 325 Conn. 146, 157–58, 156 A.3d 477 (2017) (whether contractual language is plain and unambiguous is question of law subject to plenary review).

We begin with the relevant provisions of the separation agreement. Sections 5.1 and 5.2 obligate the defendant to pay alimony to the plaintiff.[2] Critical to this appeal is § 5.3, which provides: "Alimony *shall terminate* upon the death of either party, the [plaintiff's] remarriage, or the [plaintiff's] cohabitation according to the [s]tatutes, but in any event no later than [ten] years from the date of the [plaintiff's] vacating the marital residence, whichever occurs first."[3] (Emphasis added.)

We conclude that § 5.3 of the separation agreement plainly and unambiguously provides that the defendant's alimony obligation shall be terminated upon cohabitation by the plaintiff. As was the case in *Nation-Bailey* v. *Bailey*, supra, 316 Conn. 195, the separation agreement here "treats cohabitation as an event akin to death or remarriage, both of which are events that ordinarily terminate a periodic alimony obligation absent an express provision to the contrary in the court's decree or incorporated settlement agreement."

Moreover, the language of § 5.3, which provides in relevant part that alimony "shall terminate" upon the plaintiff's cohabitation, is mandatory in nature.

Particularly instructive in this regard is *Boreen* v. *Boreen*, 192 Conn. App. 303, 217 A.3d 1040, cert. denied, 333 Conn. 941, 218 A.3d 1046 (2019). In *Boreen*, the plaintiff claimed that the court "improperly concluded that the only remedy available upon a finding that she was 'living with another person' was to terminate the defendant's alimony obligation." Id., 305. This court rejected that argument in light of the mandatory language utilized by the parties in the separation agreement, which treated cohabitation as an event akin to death or remarriage. Id., 321. As we explained: "[T]he language employed by the parties in the separation agreement to direct terminating the alimony obligation is mandatory, not permissive. . . . [T]he agreement provides that alimony 'shall' terminate when the plaintiff commenced living with another person. The use of the word 'shall' usually connotes a requirement, unlike the word 'may,' which implies some degree of discretion." Id. We further noted that "[t]he only remedy explicitly provided for in the separation agreement upon . . . a finding [of cohabitation] is to terminate the defendant's alimony obligation." Id., 320. For those reasons, this court concluded that "the parties clearly and unambiguously intended that the defendant's alimony obligation be terminated upon a court's finding that the plaintiff is living with another person." Id., 321. That precedent compels a similar conclusion here.

In the present case, the court found that, following the dissolution of the parties' marriage, "[a]t some point [Cerone] moved into [the plaintiff's] home with her." The court further found that, "[i]n March, 2019, the plaintiff and Cerone purchased a 2800 square foot home in Port St. Lucie. The plaintiff's name is on the deed, however the mortgage is solely in Cerone's name." The evidence adduced at the hearing on the motion to modify substantiates those findings, and there is no dispute that the plaintiff was cohabitating with Cerone at some point after the dissolution judgment was rendered. Because the separation agreement entered into by the parties, and incorporated into the judgment of dissolution, plainly and unambiguously provides that the defendant's alimony obligation "shall terminate" upon the plaintiff's cohabitation, the court improperly denied the defendant's motion to modify.

In its memorandum of decision, the court expressly found that "the plaintiff has experienced a change in circumstances . . . ." The court nonetheless failed to apply the relevant provisions of the cohabitation statute; see General Statutes § 46b-86 (b); and instead sua sponte invoked the provisions of § 46b-86 (a), which permits modification of an alimony order upon a showing of a substantial change in circumstances. This was

error, as the defendant's postjudgment motion for modification was premised on cohabitation pursuant to § 46b-86 (b), and not a substantial change in circumstances pursuant to § 46b-86 (a). As our Supreme Court repeatedly has instructed, "[§] 46b-86 (b) requires only a change of circumstances, not a substantial change as required by § 46b-86 (a)." (Internal quotation marks omitted.) *D'Ascanio* v. *D'Ascanio*, 237 Conn. 481, 486, 678 A.2d 469 (1996); see also *Kaplan* v. *Kaplan*, 185 Conn. 42, 45–46, 440 A.2d 252 (1981). Once the court found that the plaintiff had been living with Cerone and had experienced a change in circumstances, it was required to grant the defendant's motion to modify his alimony obligation in accordance with the plain mandate of the separation agreement.

The remaining question is the precise date on which that obligation terminated, which requires a factual determination as to when the plaintiff began cohabitating with Cerone. See *D'Ascanio* v. *D'Ascanio*, supra, 237 Conn. 485–86. Because the court did not make such a finding, further proceedings are necessary to resolve that factual issue.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

[1] The plaintiff did not file a brief in this appeal. We, therefore, ordered that this appeal shall be considered on the basis of the defendant's brief and the record alone. See *Barr* v. *Barr*, 195 Conn. App. 479, 480 n.1, 225 A.3d 972 (2020).

[2] Section 5.1 of the separation agreement provides: "The [defendant] shall pay the [plaintiff] alimony in the amount of [$175] per week beginning with the [defendant's] first pay-day after the [plaintiff] vacates the marital residence. Said payment will be by bank electronic funds transfer within 48 hours of receipt of the [defendant] receiving his paycheck."

Section 5.2 of the separation agreement provides: "The [defendant's] alimony obligation shall increase to [$220] per week when the [plaintiff] is no longer receiving dependent benefits from Social Security."

[3] As our Supreme Court has observed, § 46b-86 (b) is "known as the 'cohabitation statute,' " and defines cohabitation in relevant part as " 'living with another person,' " which entails "a fact specific determination." *D'Ascanio* v. *D'Ascanio*, 237 Conn. 481, 485–86, 678 A.2d 469 (1996).